KELLY et al. v. ST. MICHAEL'S ROMAN CATHOLIC CHURCH et al.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

PLEADING—COUNTERCLAIM—BILL OF PARTICULARS.

Where, in an action to recover a balance due under a building contract and for a certain sum for extras, defendants counterclaimed for damages by reason of plaintiffs' failure to complete their contract, plaintiffs were entitled to a bill of particulars, not for the purpose of limiting defendants on the issue as to the performance of the contract, but as to the damages alleged to have been sustained by defendants by reason of the nonperformance of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 970.]

Appeal from Special Term.

Action by Francis J. Kelly and others against St. Michael's Roman Catholic Church and others. From an order denying plaintiffs' motion for a bill of particulars of the counterclaim contained in defendants' answer, plaintiffs appeal. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Robert H. Roy, for appellants.

James W. Treadwell (Joseph F. Keany, on the brief), for respondents.

WOODWARD, J. The plaintiff sues on two causes of action. The first is for a balance of $2,286.56, alleged to be due under the terms of a building contract with the defendant; and the second is for $10,765.55, alleged to be due for extras incidental to the work, an itemized statement accompanying the complaint, showing what these alleged extras consisted of. The complaint alleges that the plaintiff fully performed the terms of the contract on his part, and that he furnished the labor, materials, etc., for the extras at the special instance and request of the defendant. The defendant denies that the plaintiff has fully performed his contract, and denies owing him anything, either under the contract or upon the extra work alleged to have been performed in connection therewith. The defendant likewise sets up a separate defense, in the nature of an offset or counterclaim, and claims damages to the extent of $15,000 by reason of the failure of the plaintiff to complete his contract. This counterclaim, while alleging that the contract has not been performed, that the work has never been completed, and that there was a failure to provide proper materials, etc., fails entirely to apprise the plaintiff of the particulars in which he has failed to comply with the terms and conditions of his contract. Confronted by this pleading, the plaintiff moved the court at Special Term for an order directing the defendant to furnish a bill of particulars as to the matters alleged in the counterclaim. This the court has denied, without opinion, and the plaintiff appeals from the order denying this motion.

We are of the opinion that the plaintiff is entitled to a bill of particulars, not for the purpose of limiting the defendants upon the issue as to the performance of the contract, but as to the damages alleged to have been sustained by the defendant by reason of the nonperformance of the contract. There is a distinct issue between the parties. The plaintiff alleges full performance of his contract. The defendant denies this, and the plaintiff, to recover, must prove full performance, just as he has alleged; and upon this issue the plaintiff has no right to limit the defendant by any bill of particulars. The defendant has a clear right to disprove anything which the plaintiff is bound to prove to make out his cause of action. Of course, if the plaintiff establishes full performance, there is an end of the case. But, in the event of the jury finding that the plaintiff has not performed his contract, then there is a question as to the damages which the defendant has suffered by reason of the nonperformance of the con-

tract, or by reason of the inferiority of the labor or materials furnished, and the case is exactly as though the defendant had paid the plaintiff for the work and had reserved a right of action for the damages sustained by reason of nonperformance or imperfect performance. In such a case a contract for a building to cost $142,677, involving great detail of labor and variety of materials, would naturally demand a bill of particulars as to the matters in which the defendant had failed, where the allegations of the complaint were entirely general, and that is the situation here. Assuming that the plaintiff fails to establish his cause of action, and that he has not complied with his contract, his complaint must be dismissed. He is not to recover anything in this action for a claim aggregating more than $12,000. Is he, then, to be subjected to the risk of being compelled to pay a large amount in damages because he has failed to prepare himself to defend the many details in which the defendant may claim that the work does not come up to the standard, or that the materials are inferior to what were contemplated? We think this is not the rule in such cases. The court in Hopper v. Weber, 84 App. Div. 266, 82 N. Y. Supp. 567 held that where the plaintiff alleged performance, which was denied, and a counterclaim was made for damages for nonperformance, the plaintiff was entitled to a bill of particulars as to the portions of the contract which the defendant claimed the plaintiff had neglected to perform, and also specifying the particulars of damages resulting from the alleged breach, and we find no authority holding to the contrary. Indeed, all of the cases to which our attention is called recognize the right of a plaintiff to have a bill of particulars under the circumstances here disclosed, where that question is touched upon at all.

The order appealed from should be reversed.

Order reversed, with $10 costs and disbursements, and motion granted. All concur.