MARKEL-TUCKER-COOK CO., INC., Respondent, *v.* JOHAN EHRLICH, Appellant, Impleaded with ELIZABETH NEAREY and Another, Defendants.

Second Department, May 2, 1924.

Pleadings — bill of particulars — action to recover balance on building contract — plaintiff is entitled to bill of particulars to meet counterclaim based on non-performance.

In an action to recover a balance alleged to be due upon a building contract in which the defendant interposed a counterclaim based on the failure of the plaintiff to perform its contract, the plaintiff is entitled to a bill of particulars to meet the counterclaim for, assuming that its complaint is dismissed, the plaintiff will nevertheless be required to defend against the counterclaim.

APPEAL by the defendant, Johan Ehrlich, from part of an order of the Supreme Court, made at the Queens Trial Term and entered in the office of the clerk of the county of Queens on the 10th day of March, 1924, directing service of a verified bill of particulars.

*Frank W. Holmes,* for the appellant.

*Meyer H. Lavenstein [Samuel Wasserman* with him on the brief], for the respondent.

PER CURIAM:

In this action to recover a balance alleged to be due upon a building contract the plaintiff alleged performance. The answer of defendant, appellant, contained a denial of this allegation and an affirmative defense of payment, but in addition pleaded a counterclaim in which he alleged full performance of the contract by defendant and failure to perform by plaintiff and that defendant was deprived of the use and enjoyment of the premises for a long time, and has been and will be compelled to expend money to complete the work. The order requires the defendant to serve a bill of particulars of the counterclaim pleaded by defendant. If the defendant had rested on his general denial of performance there

might be some force in his argument that he should not be compelled to furnish a bill of particulars of matters which plaintiff was obliged to prove, but in the present state of the pleadings, assuming that plaintiff fails to establish his cause of action and that he has not complied with the contract, the complaint will be dismissed. But he must then defend the counterclaim for $10,000 damages. He is entitled to the particulars directed to enable him to meet the counterclaim. (*Kelly* v. *St. Michael's Roman Catholic Church*, 124 App. Div. 505; *Hopper* v. *Weber*, 84 id. 266.)

The order in so far as appealed from should be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ., concur.

Order in so far as appealed from affirmed, with ten dollars costs and disbursements.