JOSEPH A. PADULA, Respondent, v. RICHFIELD OIL CORPORATION OF NEW YORK, Appellant.— Appeal from an order of Schenectady County Special Term of the Supreme Court granted December 28, 1934, and entered in the office of the clerk of said county January 25, 1935, denying certain particulars and granting certain items of defendant's demand for a bill of particulars. The action is for damages for breach of contract for the alleged sale of gasoline by defendant to plaintiff. The defendant moved for a bill of particulars, demanding in substance the following: 1. Whether the agreement in question was oral or written, and a copy thereof. 2. The number of gallons purchased from the defendant by the plaintiff and the date and quantity of each purchase. 3. The manner in which defendant has neglected and refused to deliver. 4. The facts and date as to each breach. 5. Who on behalf of the defendant breached the alleged contract and the date and manner thereof. 6. The manner in which plaintiff computes the alleged damages and a detailed itemized list of such computations. 7. The date of each demand, whether oral or not, to whom on behalf of the defendant such demand was made. The Special Term granted defendant's request as to the second item above specified and denied the demand for the other items. Order in so far as appealed from reversed on the law and facts and motion granted, with ten dollars costs and disbursements to the appellant against the respondent. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.

SAMUEL T. GERMAIN and Another, Respondents, v. HELEN GERMAIN and Another, Appellants.— Action upon policy in Locomotive Engineers Mutual Life and Accident Insurance Association. The policy was payable to plaintiffs and defendants. Insured signed an application to change beneficiaries to his two sons, the plaintiffs herein, which application contained the signature of a witness. A new certificate was issued naming plaintiffs as beneficiaries. There is nothing before this court to show that the constitution and by-laws of the association were not followed in changing the beneficiaries. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

JAMES MORRETT, as Administrator, etc., of LIBRA MORRETT, Deceased, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— The issue involved a determination whether the death of plaintiff's intestate was occasioned " solely through external, violent and accidental means, resulting directly and independently of all other causes." She was soon to be confined. Her pregnancy had developed an abnormal condition known medically as central placenta prævia. It is undisputed that this was a contributory cause of her death. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ. [154 Misc. 825.]