ANTONIO F. GRECO, Doing Business under the Name of AMERICAN BUILDERS, Appellant, v. JAMES ROMANELLI et al., Respondents.— In an action to foreclose a mechanic's lien and to recover damages for breach of contract, in which the defendants interposed, *inter alia*: (1) a counterclaim for loss of profits, amounting to $10,000, resulting from plaintiff's failure to satisfactorily complete the construction of a building for the defendants within the time prescribed in the contract between them; and (2) a counterclaim for damages of $25,000 sustained by defendants in order to correct the faulty work in the building construction, the plaintiff appeals from an order of the Supreme Court, Nassau County, dated and entered August 29, 1960, denying his motion to compel defendants to serve a further bill of particulars in accordance with his prior demand. Plaintiff in his demand had sought, *inter alia*, particulars: (a) as to the manner in which defendants claim plaintiff breached the contract: (b) as to the defendants' computation of their loss of profits; and (c) as to each item of the work which is alleged to have been faulty and to have required correction, and the cost of such correction. Claiming that the bill of particulars furnished by defendants in response to his demand concerning these items is insufficient, plaintiff moved to compel defendants to furnish a further bill. The motion was denied. Order modified as follows: (1) by striking out the paragraph which denies the motion *in toto*; (2) by substituting one paragraph denying the motion for a further bill of particulars as to the manner in which defendants claim plaintiff breached the contract; and (3) by substituting another paragraph granting the motion to the extent of directing defendants to serve a further bill of particulars: (a) showing the computation of the loss of profits claimed by them, (b) showing the details of each item of faulty work which they claim has been corrected and will be corrected, and (c) showing the cost of correcting each item of such work; such further bill of particulars to be served within 30 days after entry of the order hereon. As so modified, the order is affirmed, with $10 costs and disbursements to plaintiff. Under the circumstances appearing in the record before us, defendants' loss of profits constitutes special damages. Hence, plaintiff is entitled to particulars as to the computation of such special damages (*MacKenzie* v. *General Finance Corp.,* 279 App. Div. 1080). Likewise, the plaintiff, in order to properly prepare for trial is entitled to particulars of the damages sustained by the defendants in consequence of the plaintiff's failure to satisfactorily perform the contract (*Markel-Tucker-Cook Co.* v. *Ehrlich,* 209 App. Div. 171; *Gross* v. *Connor,* 114 App. Div. 32; *Padula* v. *Richfield Oil Corp.,* 243 App. Div. 844). There is, in our opinion, sufficient information in the original bill to apprise the plaintiff as to the manner in which he is alleged to have breached the contract. Hence,

he is not entitled to a further bill as to this item. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.