■ In the Matter of the Arbitration between L. C. L. Corporation, Respondent, and New York Central Railroad, Appellant.— Order, entered on December 21, 1962, denying motion to stay arbitration, unanimously modified, on the law and on the facts, to the extent of staying arbitration of all claims recited in the demand for arbitration which accrued prior to September 24, 1956, without costs to either party. The parties agreed upon the argument of this appeal that the six-year Statute of Limitations would bar all claims arising prior to said date. Concur — Botein, P. J., Rabin, Eager, Steuer and Bergan, JJ.

■ Stanley Stahl, Respondent, v. Helene D. Stahl, Appellant.— Order entered on March 6, 1963 unanimously reversed on the law and motion to preclude granted, without costs, unless plaintiff, within 20 days after service of a copy of the order herein, with notice of entry thereof, serves a bill of particulars in accordance with the demand. Plaintiff may state in said bill in lieu of particulars of the date and place of the acts of adultery claimed that he relies upon a course of conduct, but if so he should specify the facts constituting the conduct he relies on. A plaintiff in an action for divorce may rely on a course of conduct to show that acts of adultery were committed. But if he so relies and particulars of the acts of adultery are demanded, it is not sufficient to state, merely, that conduct is relied on. The facts constituting the conduct, including the period involved and the place or places where it took place, must be set out. Order entered on March 7, 1963, so far as appealed from, unanimously affirmed, without costs. No opinion. Concur — Botein, P. J., Rabin, Eager, Steuer and Bergan, JJ.

■ Grand Machinery Exchange, Inc., Respondent, v. Apex Discount Corp. et al., Appellants.— Order entered on October 26, 1962, denying in part defendants' motion to modify demand for a bill of particulars unanimously modified by striking from the demand subdivisions (c), (d) and (e) of item 2, and otherwise affirmed, without costs. Defendants unnecessarily pleaded their version of the contract upon which plaintiff claims. They would therefore have to give particulars of the contract they allege was made. However, they are not obliged to give particulars of the performance of that contract. The items hereby stricken deal with that performance. Concur — Botein, P. J., Rabin, Eager, Steuer and Bergan, JJ.