Douglas F. Young, J.
This seemingly routine motion for an order of preclusion raises an interesting question respecting the ramifications of the recently enacted CPLR article 14A (CPLR 1411-1413). That question is whether a defendant in an action to recover damages for personal injury may be required to serve a bill of particulars respecting the newly created affirmative defense of "culpable conduct” (CPLR 1412). The court answers this question in the affirmative.
CPLR 1411 eliminates the common-law bar to recovery for personal injury plaintiffs found guilty of contributory negligence or assumption of risk and replaced this with what is sometimes called comparative negligence. Thus, a plaintiff found guilty of "culpable conduct” is not absolutely banned from recovering damages, but his or her recovery is diminished "in the proportion which the culpable conduct attributable to the claimant * * * bears to the culpable conduct which caused the damages” (CPLR 1411). CPLR 1412 declares that, contrary to prior law "culpable conduct” is an affirmative defense which must be "pleaded and proved by the party asserting the defense”.
In the instant case, plaintiff commenced an action for personal injuries based upon the alleged negligence of the defendant. Defendant’s answer contained the following affirmative defense: "Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff including contributory negligence or assumption of risk, and not by the culpable conduct or negligence of this (these) [sic] answering defendants).”
Following the joinder of issue, plaintiff served defendant with a demand for a verified bill of particulars respecting the affirmative defense. The information sought was:
*181 "1. Set forth each and every act alleged to be the culpable conduct of the Plaintiff including date, time, place and pertinent details of each of the specific acts.
"2. Set forth each and every act of the Plaintiff, including date, time, place and pertinent details, alleged to constitute the contributory negligence on the part of the Plaintiff.
"3. Set forth each and every act of the Plaintiff, including date, time, place and pertinent details, alleged to constitute the assumption of risk on the part of the Plaintiff.”
Defendant failed to answer plaintiff’s demand and plaintiff now moves for an order pursuant to CPLR 3042 (subd [c]) precluding the defendant from offering evidence at trial in support of the affirmative defense. Defendant opposes the motion by stating that his affirmative defense was interposed pursuant to CPLR 1412 and argues that "Section 1412 clearly does not require service of a bill of particulars.” He further asserts that "plaintiff has not shown any prejudice or special circumstances requiring the service of a separate, distinct bill of particulars on a culpable conduct defense.” Finally, he asserts that the fact that the Legislature did not amend CPLR 3041-3043 when CPLR 1412 was enacted is further evidence of the fact that no bill of particulars is required in this case.
Defendant’s assertions are contrary to the well-developed principle of law which holds that a bill of particulars may be demanded by any party (CPLR 3041; Marcel-Tucker-Cook Co. v Ehrlich, 209 App Div 171; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.09, p 30-715) respecting issues on which the person from whom the bill is demanded bears the burden of proof (3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.10).
There are numerous cases in which defendants have been required to furnish bills of particulars on matters which they have pleaded affirmatively (see, e.g., Bounds v Mutual of Omaha Ins. Co., 37 AD2d 1008, affirmative defense of truth and privilege in a libel action; Grand Mach. Exch. v Apex Discount Corp., 18 AD2d 1073, elements of contract pleaded as affirmative defense; Practice Commentary C3041:6, McKinney’s Cons Laws of NY, Book 7B, CPLR 3041; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.10). In fact, even where the matter pleaded as an affirmative defense can be proven under general denials, the defendant can be required to furnish a bill of particulars (see Weinstein-Korn-Miller, NY Civ Prac, par 3041.10). In short, the judicial gloss on CPLR *182 3041 overwhelmingly supports the availability of a bill of particulars from the party with the burden of proof.
The purpose of a bill of particulars has been held to be to "amplify the pleading, limit the proof and prevent surprise at the trial” (State of New York v Horseman’s Benevolent & Protective Assn., 34 AD2d 769, 770). Defendant offers no reasons why the prevailing policy should change because the affirmative defense pleaded in this case is one newly created by the Legislature. There is no reason why an allegation of "culpable conduct” should be any less subject to such amplification and limitation by a bill of particulars than a claim of negligence.
In fact, defendant himself points out that the term "culpable conduct” is an all encompassing one, the exact extent and nature of which is yet to be determined (see 1975 Report of the Judicial Conference on CPLR 1411). If this is the case, plaintiff is surely entitled to some amplification and description of what acts or omissions defendant alleges to constitute such culpable conduct. Without such a statement, plaintiff would be at a disadvantage in preparing for trial. If defendant’s position were upheld, culpable conduct could be pleaded as a matter of course without any need for a showing of a factual basis therefore. Carried to its logical conclusion, such a practice would serve to encourage sham pleading, a goal hardly favored by the Legislature.
Accordingly, plaintiff’s motion to preclude the defendant from offering evidence on the trial of this matter on its affirmative defense is conditionally granted unless defendants serve plaintiff with a verified bill of particulars within 20 days of the date hereof.
Plaintiff’s motion for an examination before trial of the defendant is also granted, to the following extent.
Defendant is directed to appear for an examination before trial at Special Term, Part II of this court, Room 05, lower level, on January 30, 1977 at 9:30 a.m. In the event that defendant is, at that time, physically unable to attend the examination, application may be made to the court for an adjournment of the examination. Such application will not be considered without medical proof, in affidavit form, of defendant’s inability to be examined before trial.