Matthew M. Levy, J.
This is a motion by defendant L & J Concrete Corp. to preclude plaintiff or for a further bill of particulars of plaintiff’s complaint. Plaintiff sues for damages to his building caused by defendants’ demolition of an adjoining-building and party wall.
As a general rule, of course, an allegation of general damages does not have to be particularized (Wolff v. Hubert, 200 App. Div. 124, 125). But, here, the moving party is requesting a particularization of the damaged items and the cost of repairing each item. The complaint, in paragraph 12 thereof, alleges damage to various parts of the premises, but does not indicate *1054 whether plaintiff is seeking the cost of repairs or damages representing the difference in the market value of the building immediately before and after the injury. In the case at bar plaintiff’s recovery may not exceed the lesser of the two theories of damages and, therefore, defendant is entitled to particulars as to the manner in which plaintiff computes the damages (Hartshorn v. Chaddock, 135 N. Y. 116, 122; Padula v. Richfield Oil Corp. of N. Y., 243 App. Div. 844). In Stawiasz v. Creadon (263 App. Div. 934) the court required the plaintiff to state in a bill of particulars in what respects the lands and buildings were damaged and to state in detail the repairs made necessary. Also, in Weinstein v. O’Leary (128 App. Div. 267) in an action to recover for injuries to personal property and to a freehold, the court said that a bill of particulars is peculiarly appropriate and a plaintiff who is able to establish the gross amount of damages should be required to state the details. Accordingly, the motion is granted to the extent of directing plaintiff to serve a further bill of particulars as to demands 7 and 11 within 10 days after service of a copy of this order with notice of entry.
The motion is denied in other respects. Items 8 and 9 of the demand request the dates when the individual apartments and the areas used in common were last painted, plastered or repaired — meaning prior to the damage sued for. Although plaintiff did not move to vacate or modify the demand for the bill of particulars, it is apparent that demands 8 and 9 are palpably improper in that they seek evidence, and also matter which is not encompassed in the allegations of the complaint. Accordingly, those demands will not be allowed (see Coin v. Lebenkoff, 10 A D 2d 916).
Item 10 of the demand is specifically supplied by the data given in paragraph 8 of the bill.
While plaintiff refers to demands 12 and 13, defendant does not seek a further bill as to those demands, apparently in recognition of the fact that they do not relate to the cause of action asserted against this defendant.