Daniel Gevinson, Individually and Doing Business as Gevinson Equipment Company, et al., Appellants, *v.* Kirkeby-Natus Corporation et al., Respondents.

First Department, June 14, 1966.

*Charles Gottlieb* of counsel (*J. Anthony Burton* with him on the brief; *Gottlieb & Schiff*, attorneys), for appellants.

*Jonathan Shapiro* of counsel (*Irving J. Alter* with him on the brief; *Szold, Brandwen, Meyers, Blumberg & Altman*, attorneys), for respondents.

BREITEL, J. P. This appeal raises the question whether plaintiffs should be required to detail in a bill of particulars the statutes and decisional law of a sister State upon which they rely. A lesser question is whether plaintiffs should be required to particularize similarly the methods and computations by which they support their several claims for general damages.

The action is one for conversion of property, consisting of real property, shares of corporation stock, interests in limited partnerships, and other property. The property had been assigned as collateral in connection with financing the construction of large housing developments in the State of Texas. The transactions were complex and resulted, plaintiffs allege, in a completed scheme by defendants to misappropriate plaintiffs' collateralized property. Damages in excess of $5,000,000 are claimed.

Paragraphs 121 and 122 of the complaint allege, in effect, that under the law of Texas if the creditor-beneficiary under a deed of trust bids in the property in foreclosure for a grossly inadequate price coupled with misconduct, fraud, unfairness, oppressiveness, or the taking of undue advantage, then the creditor-beneficiary may be held liable in damages to the debtor-mortgagor for the malfeasance. Concerning these allegations defendants demanded particulars setting forth "true and correct copies of the statutes and cases upon which these allegations of law are based together with the complete official citations of same." Special Term allowed the particulars to the extent that it denied plaintiffs' motion to vacate this part of the demand.

The particulars should not have been allowed.

The analysis is best initiated by noting the sharp distinction that must be made between the requirements affecting reliance on foreign law, that is, the law of foreign countries, and that of sister States.

Under the new practice, the court is obliged to accord notice to sister-State law whether pleaded or not, and whether advance notice is given or not (CPLR 4511, subd. [a]; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4511.03; cf. *Pfleuger* v. *Pfleuger*, 304 N. Y. 148, under Civ. Prac. Act, § 344-a, holding that a pleading was not deficient for failure to plead Pennsylvania law, but suggesting corrective alternatives). Under the prior practice, it was still discretionary with the court whether it would take notice of the law of sister States (Civ. Prac. Act, § 344-a; *Pfleuger* v. *Pfleuger, supra*; *Kipp* v. *International Harvester Co.*, 11 A D 2d 896).

The law of foreign countries, on the other hand, should still be stated in substance in the pleading which relies upon it (CPLR 3016, subd. [e]; 4511, subd. [b]). But the court, even in this instance, retains discretion to apply the law of foreign countries, notwithstanding the absence of advance notice or request to do so (CPLR 4511, subd. [b]). In the event suitable notice is given of reliance on the law of foreign countries the statute provides that the court " shall " take judicial notice, but the notice of reliance may be in the pleading, or prior to the presentation of evidence, or as the court may otherwise permit (*id.*).

The Federal rules require advance notice only in the case of foreign law (Rules Civ. Pro., rule 44.1, as amd. at the Oct. 1965 Term of the Supreme Court of the United States). Prior to the new Federal rule, a Federal court had refused to permit interrogatories as to foreign law, and particularly, as to the names and citations of cases, on the ground that they called for legal conclusions (*Fishermen & Merchants Bank* v. *Burin*, 11 F. R. D. 142, 145). Of course, it would be almost unthinkable, especially in a diversity case, that the Federal courts would require advance notice or particularization of State law.

The draftsmen of the CPLR were definite in the separation of the problems presented by foreign law and sister-State law, and the statute enacted leaves no room for failing to distinguish between the two (2d Preliminary Report of Advisory Committee on Practice and Procedure, N. Y. Legis. Doc., 1958, No. 13, pp. 258–260; 3 Weinstein-Korn-Miller, *op. cit.*, pars. 3016.13–3016.17 and 5 *id.*, 4511.05). Moreover, the separate treatment of the two kinds of law is now logically compelled. So long as

the court is bound to notice sister-State law the failure to give prior notice to rely on such law, to particularize it, or to brief it, has no preclusive or limiting effect, the primary purpose of a bill of particulars (3 Weinstein-Korn-Miller, *op. cit.*, pars. 3041.03, 3041.07). With respect to foreign law the consequences are not the same, but even there, notice, of the very kind provided in the present complaint, is all that is required. Beyond that requirement, the advocate may have to make a calculated tactical decision on how to persuade the court to accord judicial notice to his contentions under foreign law, but generally that will be the office of briefing and argument, rather than of pleading, particularization, or even formal discovery (3 Weinstein-Korn-Miller, *op. cit.*, pars. 3041.05–3041.08; cf. *United States* v. *Selby*, 25 F. R. D. 12, 14).

As a practical matter to treat sister-State law as if it were as strange to the adversary or the court as Afghanistan law is without basis. Moreover, in this connection, the entire court is agreed that to require more than citations to statutes and decisional law would be patent and futile harassment.

This development with respect to the law of jurisdictions other than that of the forum is buttressed by the recognition today that nonforum law is not and never was a question of fact except in an artificial procedural sense. Today, all such nonforum law in this State and in most States is treated as if it were a question of law in the court of first instance and on appellate review (CPLR 4511, subds. [c] and [d]; Fed. Rules Civ. Pro., rule 44.1; Uniform Interstate and International Procedure Act, §§ 4.02, 4.03 [9B U. L. A., Pocket Part, 1965, incl. the Comrs.' Notes appended, pp. 99–101]; Uniform Judicial Notice of Foreign Law Act, § 5 [9A U. L. A. p. 569, including Comrs.' Note appended]). This is true as to foreign law, and it is, therefore, true *a fortiori* as to sister-State law.

It is no longer logical, then, for the pleading or particularization of foreign or sister-State law to be analogized to the pleading or particularization of facts. Rather, all that may be required is notice. In the case of sister-State law there is no mandatory notice requirement, but judicious advocacy may suggest otherwise, as was the case in the instant complaint. If an advocate relies on keeping his legal bases secret from his adversary he may succeed, to his undoing, in keeping them secret from the court. In the case of foreign law, notice is required, if the court is to be compelled to accord it recognition, and the degree of notice will vary directly with the inaccessibility, strangeness, abstruseness, uncertainty, and other general

difficulty in apprehending the foreign law. Notice as to the law of another common-law English-speaking country may be considerably less detailed than that required as to a non-English-speaking country with a civil or oriental jurisprudence. The law of Texas or any other sister State hardly presents comparable difficulties (see McKinney's Cons. Laws of N. Y., Book 7B, CPLR 4511 appended comment, p. 369: "The law of other states is determinable almost as easily as the law of the United States and every lawyer should be capable of finding it.").

Weinstein-Korn-Miller in their treatise suggest that particularization may still be utilized to provide details of foreign law, in which term they include sister-State law (*op. cit.*, vol. 3, par. 3016.17; vol. 5, par. 4511.05). Insofar as they discuss sister-State law they rely largely on cases arising under section 344-a of the Civil Practice Act. The discussion is not consistent in spirit with their strictures on the decline of function in bills of particulars (*op. cit.*, vol. 3, par. 3041.05). Moreover, the historical development clarifies the seeming confusion. The drafting of the Uniform Interstate and International Procedure Act occurred between the earlier and later drafting of CPLR drafts, and the later CPLR drafts influenced and were influenced by the Uniform Act drafts, the several draftsmen of both working in close co-operation at the Columbia University School of Law (see 9B U. L. A. [Pocket Part, 1965, pp. 80–81] Comrs.' Prefatory Note to the Uniform Act; see, also, Practice Commentary by Professor McLaughlin in McKinney's Cons. Laws of N. Y., Book 7B, CPLR, 1965 Pocket Part, appended to 4511, subd. [b] and reflecting his views of a "confusion" in the several drafts of CPLR). In this context the Uniform Law Commissioners had this to say: "Although a pleading requirement may be justified as a notice device, pleading is neither the only nor always the most desirable method of giving notice of the presence of an issue of foreign law. The shift in focus in many modern procedural systems from the pleading stage to other phases of pre-trial was intended to eliminate much of the hypertechnicality of pleading and time-consuming and sterile motion practice that may polish the pleadings, but rarely disposes of the case on the merits. A requirement that notice of intent to rely on foreign law be given in the pleading only perpetuates prior notions and invites dilatory motions and amendments." (Note to § 4.01.)

True, the Commissioners were speaking of pleadings and not bills of particulars, but this case illustrates the futility of par-

ticularization which is primarily an adjunct to pleading rather than a notice device (3 Weinstein-Korn-Miller, *op. cit.*, par. 3041.06).

Some caveats are indicated

It should be obvious that in a proper case, even one involving sister-State law, a court, in its discretion, may require an adversary to disclose the bases of his claim, if the bases in the statute and decisional law of another State are difficult of ascertainment, for whatever reason, by the usual legal research techniques, or, more important, if it is unclear whether the litigant is relying at all on nonforum law (e.g., a guest statute of another State). This requirement may, perhaps, be imposed in a particularization, or better yet, in one of the truly discovery or other pretrial procedures available to a litigant. The law of Puerto Rico, by way of example, might provide such a rare instance, for although Puerto Rico is not a State it is a commonwealth embraced within the national jurisdiction and therefore its laws are noticeable under CPLR 4511 (subd. [a]). But on no view, does the present case provide an appropriate instance for such particularization.

If, however, a litigant should succeed in concealing the bases of his claim resting on sister-State law to the obvious prejudice of his adversary, a court in a proper case would have ample remedies. Even if the disclosure should not arise until the trial, the court would be justified, in aid of its own obligation to give judicial notice as well as to assist the adversary, to grant a continuance, impose conditions and, in a permissible case, withhold costs.

Defendants sought and were also allowed particulars as to the general damages claimed. The prevailing rule is that general damages are not a subject for particularization (*Wolff* v. *Hubert,* 200 App. Div. 124, 125; Tripp, A Guide to Motion Practice [rev. ed.], § 49, p. 133; McCullen, Bills of Particulars, § 78). The allegations in this case suggest that particularization would be a time-consuming futility, and that defendants will have ample opportunity in pretrial discovery to establish whatever it is that they need to know. Consequently, plaintiffs' motion, in this respect too, should have been granted.

Accordingly, to the extent appealed from, the order insofar as it denied plaintiffs' motion to vacate defendants' demand for a bill of particulars should be reversed, on the law and in the exercise of discretion, and the motion granted, with costs and disbursements to plaintiffs-appellants against defendants-respondents.

EAGER, J. (dissenting in part). Although I am in general agreement with the reasoning of the majority opinion, I conclude that in this case the discretion of Special Term was properly exercised to require the plaintiffs to furnish the particulars as demanded, with the exception that I would eliminate the requirement that plaintiffs supply copies of statutes and court decisions.

Where the theories by which plaintiffs compute their several claims of damages are unclear, the defendants are entitled to particulars of such damage so that they will be able to properly prepare for trial. (See *Shaw* v. *Stone,* 124 App. Div. 624; *Ferreri* v. *Dworman Assoc.,* 34 Misc 2d 1053. See, also, *Keefe* v. *Lee,* 197 N. Y. 68, 70–71.)

It is conceded in the majority opinion that '' in a proper case, even one involving sister-State law, a court, in its discretion, may require an adversary to disclose the bases of his claim, if the bases in the statute and decisional law of another State are difficult of ascertainment, for whatever reason, by the usual legal research techniques ''. Furthermore, if the allegations in a pleading statement concerning sister-State law are in such general and vague terms as to have a tendency to obscure the nature or grounds of the party's cause or causes of action, the adversary should be entitled to an amplification of the party's contentions as to such law. In cases of difficulty of ascertainment of the pertinent sister-State law or of indefiniteness in the pleading statement with respect to such law, a demand for a bill of particulars is the proper remedy of the adversary; he should not be relegated to disclosure proceedings. Generally, satisfactory results would not be obtained by examining or putting interrogatories to a party concerning matters of law. Moreover, it is well settled that a bill of particulars serves the function of defining the issues and may be demanded to assist in the preparation for and to avoid surprises at the trial. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.03.) Accordingly, where an adversary is entitled to know a party's contentions with respect to the sister-State law, a request for a bill of particulars concerning the same should not be refused merely because the court is bound to take judicial notice of all applicable law; for example, it is generally held that a defendant in a negligence action is entitled to particulars specifying the statutes, ordinances, and regulations claimed by plaintiff to have been violated by defendant. (6 Carmody-Wait 2d, N. Y. Prac., § 36:39, p. 230.)

Finally, where, as here, the plaintiffs' "pleading is prolix, ambiguous, or conclusory", the defendants should be given wider latitude in their request for a bill of particulars than might otherwise be the case. (3 Weinstein-Korn-Miller, *supra*, par. 3041.11.) In order to discourage useless and time-consuming appeals with respect to orders at the pleading stage, this court has repeatedly held that it will not interfere with the discretion of Special Term in nonprejudicial rulings with respect to the items of a demand for a bill of particulars unless such rulings are wholly unwarranted and/or palpably unsound; and, certainly, the rulings here were not of such nature.

McNALLY and STEVENS, JJ., concur with BREITEL, J. P.; EAGER, J., dissents in part in opinion.

Order, entered on November 8, 1965, so far as appealed from reversed, on the law and in the exercise of discretion, with $30 costs and disbursements to the appellants, and plaintiffs' motion granted, with $10 costs.