**UNI–PETROL GESELLSCHAFT FUR MINERALOEL PRODUKTE, M.B.H., Plaintiff,**

v.

**MT LOTUS MARU, her tackle, boiler, engines, etc.; Norsk Olje, A/S; Lagon Overseas Ltd.; Ebisho Shipping KK; and Sumitomo Shintaku Ginko KK, Defendants.**

**84 Civ. 2104 (RWS).**

United States District Court, S.D. New York.

March 28, 1985.

Halley & Chalos, New York City, for plaintiff; Richard J. Deely, New York City, of counsel.

Walker & Corsa, New York City, for defendants; Vera E. Weinberg, New York City, of counsel.

## OPINION

SWEET, District Judge.

Uni-Petrol Gesellschaft Fur Mineraloel Produkte MBH ("Uni-Petrol") brought this action against defendants M/T LOTUS MARU, Ebisho Shipping, K.K., Sumitomo Shintaku Ginko K.K., Norsk Olge A/S ("Norsk") and Lagon Overseas Ltd. ("Lagon"), to recover damages for the alleged loss, shortage and non-delivery of a shipment of gasoline transported aboard the LOTUS MARU from Amsterdam to New York in March of 1983. Norsk now moves for an order pursuant to Fed.R.Civ.P. 12(b) dismissing the complaint against Norsk for lack of *in personam* jurisdiction. The motion is granted.

Norsk is a corporation organized under the laws of Norway and located in Oslo, Norway. Norsk does not have a place of business or any officers, directors or employees in New York, nor is it authorized to do any business in New York. Norsk does not have any real estate, assets, chattels or bank accounts in New York.

By time charter dated December 2, 1982, Norsk time chartered the M/T LOTUS MARU from Conoco Shipping Company of Monrovia, Liberia ("Conoco"), the time-chartered owner of the vessel. A New York broker was involved in some capacity with the charterparty arrangements, but the time charter was not signed in New York. The charterparty provides for payment to the owner's New York account and also provides for arbitration of disputes arising under the charter in "London/New York."

On March 8, 1983, Norsk entered into a voyage charterparty with Lagon. The charterparty provided that Lagon could order the vessel to discharge cargo in New York and provided for additional remuneration to Norsk in the event that the vessel

discharged in New York north of the George Washington Bridge. The shipment at issue in this action took place while the voyage charter was in effect.

## Discussion

A plaintiff has the burden of establishing *in personam* jurisdiction over a defendant. New York law provides for personal jurisdiction over a foreign corporation on two grounds. NYCPLR § 301 provides for *in personam* jurisdiction if a corporation is "doing business" within the state of New York. NYCPLR § 302 permits the exercise of *in personam* jurisdiction over a foreign corporation if the plaintiff's claim arises out of the corporation's transaction of business within the state. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757 (2d Cir.1983); *McGowan v. Smith*, 72 A.D.2d 75, 423 N.Y.S.2d 90 (1979), *aff'd* 52 N.Y.2d 268, 437 N.Y.S.2d 643, 419 N.E.2d 321 (Ct. App.1981). The exercise of *in personam* jurisdiction must also comply with the constitutional requirements of due process set out in *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1954). The parties do not dispute that Norsk is not doing business in New York. Uni-Petrol contends, however, that Norsk is "transacting business" in New York within the provisions of NYCPLR § 302.

Uni-Petrol contends that various elements of the two charterparties into which Norsk entered reflect the purposeful transaction of business in New York by Norsk. It asserts that as to the Norsk/Conoco time charters, the use of a New York broker and the provisions requiring payment to Conoco in New York and the resolution of disputes by arbitration in New York reveal that Norsk intended to avail itself of the protections and benefits of New York. As to the Norsk/Lagon voyage charter, Uni-Petrol claims that the provisions noting that the vessel would call at "one or two safe ports United States Atlantic Coast" and requiring additional remuneration if the vessel discharged in New York north of the George Washington Bridge also reflect purposeful and affirmative contacts between Norsk and the forum which were foreseen by Norsk and from which Norsk stood to gain financially.

In my view, the contacts relied upon by Uni-Petrol to establish jurisdiction are not sufficient to satisfy the requirements of due process. None of the provisions in the Norsk/Conoco time charter reveal that Norsk "purposely avail[ed] itself of the privilege of conducting activities within" New York, *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); the agreement was not signed in New York, there is no evidence that the New York broker acted on behalf of Norsk, and the mere inclusion of a provision requiring payment in New York and permitting arbitration there is not enough under these circumstances to constitute the transaction of business. Similarly, jurisdiction cannot be exercised over Norsk merely because Norsk entered into the Norsk/Lagon contract. The voyage charter provides that the vessel could be discharged "at any port ... as ordered by charterers." (Defendants' Exhibit C, Clause 7). Norsk should not be required to litigate in whatever forum its charterers chose to enter. As the Supreme Court noted in *World Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980), "... defendants conduct and connection with the forum must be such that he should reasonably anticipate being haled into court there." Norsk's conduct in New York was not enough to meet the requirements of due process or to qualify as the transaction of business under CPLR § 302.

Even if the various provisions of the charter parties did represent sufficient contacts to constitute the transaction of business within the meaning of CPLR § 302 by Norsk, Uni-Petrol has not alleged that its cause of action arises out of the business transacted by Norsk in New York. Uni-Petrol argues that the short discharge complained of "arises as a direct consequence of Norsk's affirmative transactions in this state." (Plaintiff's Memorandum at 3). However, the action does not involve a breach of contract for a violation of either

charterparty agreement nor does it relate to irregularities in arrangements of payment of freight to Conoco or from Lagon. Uni-Petrol is not a party to either contract, nor is it entitled to envoke the arbitration clause between Norsk and Conoco. The case does not arise out of a contract by Norsk to supply goods and services within the state, *see Tonns v. Spiegel's*, 90 A.D.2d 548, 455 N.Y.S. 125, 127 (1982). Uni-Petrol has not presented any authority that would support the exercise of jurisdiction over Norsk. Under these circumstances, Uni-Petrol's claim for loss, shortage and non-delivery of gasoline shipped pursuant to a bill of lading does not arise out of the transaction of business within New York by Norsk. *See Bangladesh Agricultural Development Corporation v. Transcontinental Imex, Inc.*, slip op. at 4, 81 Civ. 6377 (S.D.N.Y. December 23, 1982).

For the reasons discussed above, Norsk's motion is granted and the complaint will be dismissed as to defendant Norsk.

**IT IS SO ORDERED.**