OPINION OF THE COURT
William J. Davis, J.
Motions Nos. 001 through 007 are consolidated herein for purposes of disposition.
In this action, plaintiff Sion Elghanayan alleges that in the late 1930’s he and his six brothers Aghadjan, Davoud, Nourollah, Nedjatollah, Ataollah and Habib, entered an oral partnership agreement to conduct the Elghanayan family business. The agreement was allegedly reduced to writing on June 3, 1959, providing a 20% share for each of the four older brothers, and the final 20% to be split evenly between the three younger brothers. Plaintiff, being one of the younger brothers, thus obtained a 6 2/3% share. It is further alleged that all the brothers agreed that any disputes or interpretations of the terms of the agreement would at all times be governed by the laws and customs of Iran.
Plaintiff further alleges that business ventures were carried out in Iran, Israel and the United States, pursuant to this agreement. Plaintiff’s brother Habib was executed in May 1980, by the Khomeini regime, and all assets of the family partnership in Iran were confiscated by the government. Plaintiff now alleges that his other brothers have transferred plaintiff’s assets to their wives, children and the corporations through which they operate the business and have failed to distribute to him his share of the assets and income.
By this action, plaintiff seeks an accounting, a finding of conversion and imposition of a constructive trust.
Defendants have all moved to dismiss the complaint because of plaintiff’s failure to plead the specific Iranian laws and customs relied upon, pursuant to CPLR 3016 (e). Dismissal is also sought on other grounds by individual defendants, but disposition of the former issue makes discussion of these grounds unnecessary.
In opposition to the motion, plaintiff states he is only required to give notice to the court and each defendant of his intent to rely on Iranian law. Plaintiff avers that CPLR 4511 (b) permits a court to take judicial notice of foreign law at the request of a party at any time prior to trial; thus, nonspecifi *554 cation at this pleading stage should not result in dismissal of the complaint.
CPLR 3016 (e) provides that in pleadings "[w]here a cause of action or defense is based upon the law of a foreign country or its political subdivision, the substance of the foreign law relied upon shall be stated.”
CPLR 4511 (b) permits the court to take judicial notice of the laws of foreign countries, if it is requested and notice has been given each adverse party. However, the crux of the issue herein is the section’s provision that "[n]otice shall be given in the pleadings or prior to the presentation of any evidence at the trial, but a court may require or permit other notice” (emphasis added). This language seems to support plaintiffs claims that failure to specify the foreign law in his complaint is not fatal to his claim.
It is well settled that a statute authorizing the court to take judicial notice of laws and statutes of sister States or foreign countries does not obviate the necessity of pleading those laws as facts when a cause of action is based on violation of those laws (see, Carbone v Carbone, 200 Misc 437 [Sup Ct, Kings County 1951]). The liberality set forth in CPLR 4511 (a) "will naturally be reflected in pleading but it does not go to the extent of a direction that a plaintiff who relies for his rights on a statute of, say, Monaco or Costa Rica does not have to set that statute out. The pleading must be sufficient to enable the defendant to controvert the factual issue.” (See, Schumann v Loew’s, Inc., 199 Misc 38, 41 [Sup Ct, NY County 1951].)
In the instant case, this court finds that the mere provision that all disputes under the partnership agreement and the interpretation of the terms of that agreement "would be, at all times, governed by the laws and customs of Iran” has not met the requirement of pleading foreign laws, nor does this general statement of the application of Iranian law and customs provide defendants with an opportunity to prepare necessary response to plaintiff’s complaint. In Gevinson v Kirkeby-Natus Corp. (26 AD2d 71, 76), which plaintiff relied on in his memorandum of law, the court observed: "It should be obvious that in a proper case, even one involving sister-State law, a court, in its discretion, may require an adversary to disclose the bases of his claim, if the bases in the statute and decisional law of another State are difficult of ascertainment, for whatever reason, by the usual legal research techniques, or, more *555 important, if it is unclear whether the litigant is relying at all on nonforum law.” The court further stated: "In the case of foreign law, notice is required, if the court is to be compelled to accord it recognition, and the degree of notice will vary directly with the inaccessibility, strangeness, abstruseness, uncertainty, and other general difficulty in apprehending the foreign law. Notice as to the law of another common-law English-speaking country may be considerably less detailed than that required as to a non-English-speaking country with a civil or oriental jurisprudence.” (Supra, at 74-75.)
Here, even if Lexis and Westlaw terminals are available in Iran, it still would be beyond the usual legal research to ascertain what the "laws and customs” in Iran were 60 years ago, before the Shah of Iran (the old king — Shah’s father’s era), and what "laws and customs” prevailed when the Shah of Iran was in power, and what the "laws and customs” are in force currently in Iran under the reign of the successors of the Ayatollah. This court is certain that the "laws and customs” have undergone radical changes over this period. It is likely, in certain areas, if not all, what were legal and valid laws yesterday might no longer be legal today in Iran, as evidenced by the incident of the confiscation of property of the Elghanayan family in Iran.
Without specification of the Iranian laws and customs relied upon by plaintiff, and of the concrete principles of the Iranian laws and customs, neither the court nor defendants can be expected to determine if plaintiff has framed a proper complaint, providing the material elements of causes of action under Iranian law.
The case of Dresdner Bank AG. v Edelmann (129 Misc 2d 686 [Sup Ct, NY County 1985]), relied upon by plaintiff, is distinguishable from the case at bar. Therein on a summary judgment motion, plaintiff apprised both the court and defendant of the German law relied on, annexing to its motion papers pertinent statutes and case law, as well as interpretations of the law by German attorneys. Here, what appears on the face of the complaint is no more than vague and esoteric language of "laws and customs of Iran”.
Accordingly, the motion to dismiss is granted, with leave to plaintiff to serve an amended complaint.