**MONSANTO INTERNATIONAL SALES CO., INC., et al., Plaintiffs,**

v.

**HANJIN CONTAINER LINES, LTD., Defendant.**

**HANJIN CONTAINER LINES, LTD., Defendant and Third–Party Plaintiff,**

v.

**M/V K.H. ENTERPRISE and/or ORIENTAL FAITH, their engines, boilers, etc., et al., Third–Party Defendants.**

No. 88 Civ. 1673 (KMW).

United States District Court, S.D. of New York.

June 25, 1991.

Caspar R. Ewig and Timothy D. Ford (Hill Rivkins Loesberg O'Brien Mulroy & Hayden), New York City, for plaintiffs.

Lawrence V. Cichanowicz, Joseph F. De May, Jr. (Cichanowicz, Callan & Keane), New York City, for defendant and third-party plaintiff.

James L. Ross and Barbara G. Carnevale (Freehill, Hogan & Mahar), New York City, for third-party defendant Kien Hung Shipping Co., Ltd.

Arthur J. Blank, Jr. and John J. Tomaselli (Hill, Betts & Nash), New York City, for third-party defendant Oriental Overseas Container Lines, Ltd.

## OPINION AND ORDER

KIMBA M. WOOD, District Judge.

Defendants move to dismiss this case on the ground of forum non conveniens. Alternatively, third-party defendant Kien Hung Shipping moves to dismiss for lack of personal jurisdiction. On July 31, 1990 the court referred this case to Magistrate Judge Lee for a report and recommendation on all substantive motions. Magistrate Judge Lee issued her recommended decision orally on October 4, 1990, and filed her written Report and Recommendation on November 7, recommending that (1) the court grant third-party defendant's motion to dismiss for lack of jurisdiction without allowing for discovery on the issue, and (2) the court conditionally grant defendant's motion to dismiss for forum non conveniens. Plaintiffs timely filed written objections to the Magistrate Judge's Report; defendant and third-party plaintiff, Hanjin Container Lines, filed an objection to two findings of fact made by the Magistrate Judge. For the reasons set forth below, the court adopts the recommended decision of Magistrate Judge Lee, and grants defendants' motion to dismiss.

### Background

This case arises out of the loss of cargo resulting from a collision between two

ships in the China Sea, in international waters off Taiwan. Plaintiffs are consignees and holders of bills of lading issued by defendant Hanjin Container Lines ("Hanjin") in connection with the shipment of cargo from a number of United States ports to Hong Kong. The cargo was not intended to go directly from this country to Hong Kong, however. As part of an apparently common practice in the cargo shipping industry, *see Parnass Int'l. Trade and Oil Corp. v. Sea–Land Service,* 595 F.Supp. 153 (S.D.N.Y.1984), Hanjin transported the cargo in its own ship from the United States to Keelung, Republic of China. There, Hanjin transferred the cargoes to a smaller vessel, the M/V K.H. Enterprise, owned by third-party defendant Kien Hung Shipping Company ("Kien Hung"), for delivery to Hong Kong. En route to her final destination, the M/V Enterprise collided with another ship and sank, with plaintiffs' cargo aboard. Plaintiffs commenced this action to recover for the loss of their cargo.

### Discussion

■ Because defendants' motions are dispositive within the meaning of F.R.Civ.P. 72(b), the court reviews Magistrate Judge Lee's recommendations regarding these motions de novo. 28 U.S.C. § 636(b)(1)(B); 12 C. Wright & A. Miller, *Federal Practice and Procedure,* § 3076.5 (1991 Supp.).

Plaintiffs object to the following aspects of the Magistrate Judge's Report and Recommendations: (1) her recommendation that the court dismiss plaintiffs' claim against Kien Hung on the ground of lack of personal jurisdiction, or alternatively, on the ground of forum non conveniens; (2) her recommendation that the court dismiss plaintiffs' claim based on the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.App. § 1300, *et seq.,* on the ground of forum non conveniens; (3) the Magistrate Judge's refusal to allow plaintiffs' discovery on the issue of jurisdiction; and (4) her failure to condition the forum non conveniens dismissal on an agreement by defendants to waive the statute of limitations in any alternative forum.

### I. Motions to Dismiss for Forum Non Conveniens

■ "The central focus of the forum non conveniens inquiry is convenience." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 249, 102 S.Ct. 252, 262, 70 L.Ed.2d 419 (1981). To guide the court in exercising its discretion in deciding a forum non conveniens motion, the court looks to the factors set forth in Justice Jackson's seminal opinion in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The so-called *Gilbert* factors call upon a court to consider both "private interest factors," affecting the convenience of the litigants, and "public interest factors," affecting the convenience of the forum and the interests of justice. *Id.; Travelers Indem. Co. v. S/S Alca,* 710 F.Supp. 497, 500 (S.D.N.Y.1989), *aff'd without opinion,* 895 F.2d 1410 (2d Cir.1989). The private interest factors include the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, as well as "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Borden, Inc. v. Meiji Milk Products Co.,* 919 F.2d 822, 827 (2d Cir. 1990) (quoting *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843). The public factors include the administrative difficulties flowing from court congestion, the "local interest in having localized controversies decided at home," and the interest of having the trial of a case in a forum that is at home with the law that must govern the action. *Id.* In addition to this weighing of public and private factors, in a federal forum non conveniens inquiry a court must determine whether there exists an alternative forum for the litigation. *Piper Aircraft,* 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22; *Borden,* 919 F.2d at 828–29.

### A. Private Factors

In applying these factors to the case at bar, Magistrate Judge Lee found that on the record before her "the private interests do not clearly tip in either direction, either for or against this forum." Transcript of

Oral Argument Before Mag. Judge Lee ("Tr."), at 79.

■ Reviewing these findings de novo, this court finds that the private factor balance tips in favor of an alternative forum. The principal issues in this case are likely to involve exactly how the collision occurred, whether the K.H. Enterprise was seaworthy, and whether defendant Hanjin and third-party defendant Kien may take advantage of certain defenses available under COGSA. There is no evidence that *any* sources of proof necessary for deciding these issues are located in New York, or anywhere else in the United States. Documents relevant to the collision that survived the sinking are likely all located in Taiwan. Moreover, they are written in Chinese. Similarly, the records of the Kaoshuing Harbor Bureau investigation of the collision may be admissible in evidence; these records are also presumably in Chinese and, like the other relevant documents, would have to be translated at significant cost. Translation costs would result not solely from the need to translate documents that one party may intend to offer at a trial in this court. Because English-speaking lawyers would try the case here, the parties would have to translate far more documents and deposition testimony in order for trial attorneys to ascertain what they should or should not offer at trial. Such translation costs are a relevant factor in a forum non conveniens inquiry. *See Schertenleib v. Traum,* 589 F.2d 1156, 1165 (2d Cir.1978); *Travelers Indem.,* 710 F.Supp. at 501.

The situation regarding non-documentary evidence is similar. Nearly all material witnesses are located in the Far East. The officers and crew of the K.H. Enterprise are all residents of Taiwan. Aff. of Wen Kuo Shih at ¶ 6. Most of the officers and crew of the M/V Oriental Faith are residents of Taiwan and the Philippines. In addition, several parties have initiated lawsuits in Korea and Taiwan involving the cargoes lost when the K.H. Enterprise sank. As a result, counsel in both nations are likely to be familiar with the intricacies of this litigation. While none of the three foreign forums may be perfect, all are far closer to the sources of proof necessary to this case. All of these factors argue in favor of a forum in the Far East.

### B. Public Factors

Plaintiffs' principal objections to the Magistrate Judge's recommended ruling involve her consideration of the public factors category of the *Gilbert* analysis. Plaintiffs argue first that the "overriding policy concern" embodied in COGSA "of protecting the interests of shippers and consignees" militates in favor of allowing a shipper or consignee to maintain its COGSA litigation in federal court. Plntfs' Notice of Objections at 8. Plaintiffs also argue that the Magistrate Judge "overlooked and rejected the evidence that transmittal of the case to Taiwan would assure an adverse decision" because Taiwanese courts would apply a standard of proof "contrary to COGSA's obligations that would never have been applied if the case were litigated in the United States." *Id.* at 8–9.

In support of their argument that COGSA requires an American forum and bars dismissal on forum non conveniens grounds, plaintiffs cite several cases that interpret COGSA to invalidate forum selection clauses purporting to divest federal courts of jurisdiction in cases where COGSA applies. There is language in several of these cases that supports plaintiffs' argument. In *State Establishment for Agricultural Product Trading v. M/V Wesermunde,* 838 F.2d 1576, 1581 (11th Cir.), *cert. denied,* 488 U.S. 916, 109 S.Ct. 273, 102 L.Ed.2d 262 (1988), for example, the Eleventh Circuit held that language in a bill of lading that required foreign arbitration violated the general purpose of COGSA to prevent carriers from lessening their risk of liability and "arguably conflict[ed] with COGSA's implied policy that an American forum will be made available to a consignee when a bill of lading is issued subject to the terms of that Act." Similarly, the court in *Union Ins. Soc. v. S.S. Elikon,* 642 F.2d 721, 725–26 (4th Cir.1981), held that "COGSA not only invalidates a forum selection clause appointing a foreign tribunal and designating the application of

foreign law, but appears to suggest a preference for an American forum."

While these dicta support plaintiffs' argument, several more recent decisions have squarely considered the question of the applicability of the forum non conveniens doctrine to COGSA cases. In *Travelers Indem.*, 710 F.Supp. at 500, Judge Walker held that there was no authority for carving an exception to the forum non conveniens doctrine simply because the case involves a claim under COGSA. These claims are typical of many admiralty cases, the court found, and do not warrant a special set of rules, for it is precisely "in the field of admiralty that our federal courts have applied the doctrine of forum non conveniens most flexibly and over the longest period of time." *Id.* (quoting *Alcoa Steamship Co. v. M/V Nordic Regent*, 654 F.2d 147, 153 (2d Cir.1980) (en banc), *cert. denied*, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980)).

The Ninth Circuit has also recently held that COGSA does not present a bar to the application of the forum non conveniens doctrine. In *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446 (9th Cir.1990), the court held that plaintiffs' contention that COGSA governs this dispute is insufficient by itself to support their argument that the United States is the only appropriate forum. "Because COGSA is but an island in the ocean of admiralty law, the [*Gilbert*] analysis ought to apply with equal force in the COGSA context." *Id.* at 1451. This court sees no reason not to follow the well-reasoned opinions of these two courts, and holds that COGSA does not preclude a court from dismissing a COGSA claim on the ground of forum non conveniens.

Plaintiffs' other arguments are similarly unavailing. Based on their reading of a decision issued in a case arising from the same collision as this case, plaintiffs contend that they would fare worse in a Taiwanese court, if this court should dismiss in favor of Taiwan as a forum. Such a result, plaintiffs argue, would further frustrate the pro-shipper/consignee policy

of COGSA. Even assuming plaintiffs are correct that they would lose this case in Taiwan, a view not shared by all the parties, a party may not defeat a motion to dismiss on the ground of forum non conveniens merely by showing that the substantive law that would be applied in the alternative forum is less favorable than that of the present forum. Indeed, "the possibility of change in substantive law should ordinarily not be given conclusive or even substantial weight in the forum non conveniens inquiry." *Piper Aircraft*, 454 U.S. at 247, 102 S.Ct. at 261. To do so would mean that forum non conveniens dismissal motions would rarely succeed. *Id.* at 250, 102 S.Ct. at 263.

Moreover, although plaintiffs cloak their argument regarding the applicable law in a Taiwanese court in terms of the substantive policy underlying COGSA, the differences they complain about are largely procedural in nature. Plaintiffs contend that Taiwanese courts accept certain evidence that American courts do not accept as proof of a vessel's seaworthiness. Procedural differences between forums do not bar a forum non conveniens dismissal in the absence of a complete denial of due process. *Broadcasting Rights Int'l. Corp. v. Societe du Tour de France*, 708 F.Supp. 83, 85 (S.D.N.Y.1989).

Plaintiffs do not cite any public factors other than the proshipper policy of COGSA that weigh in favor of keeping this litigation in New York. Indeed, it is difficult to see exactly where New York's interest lies in this case, "a dispute between foreign corporate plaintiffs and foreign corporate defendants ... arising out of a collision in international waters between two foreign vessels, neither of which was scheduled to call ... in the United States." Tr. at 77. The only connection with New York that this case has is that the cargo on one of the ships originated in a U.S. port. The court agrees with Magistrate Judge Lee that this slight interest is insufficient to justify expending judicial resources on this case, and that the balance of public interest factors tips in favor of a dismissal.

## C. Alternative Forum

The last remaining step in a forum non conveniens inquiry is to determine whether there exists an alternative forum for this dispute. There are three circumstances in which courts have found a lack of an adequate alternative forum: when the defendant is not amenable to process in the alternative forum; when the proposed alternative forum does not permit litigation of the subject matter of the dispute; and, in rare circumstances, when the alternative forum offers only a "clearly unsatisfactory remedy." *Travelers Indem.*, 710 F.Supp. at 502 (quoting *Piper Aircraft*, 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22). None of these circumstances exists here. The Magistrate Judge recommended that the court condition a dismissal on (1) defendant Hanjin's consent to personal jurisdiction in Taiwan, (2) third-party defendant Kien Hung's consent to jurisdiction in Korea, and (3) third-party defendant Orient Overseas Container Lines' agreement not to object to jurisdiction in either Hong Kong or Taiwan. Tr. at 82. These conditions eliminate the potential problem that a defendant in the lawsuit will not be amenable to process in any of the three possible alternative forums. In phrasing her ruling in this way, Magistrate Judge Lee permitted the possibility that not all of the claims involved in this litigation will end up in one single forum. Defendant Hanjin objected to this aspect of Magistrate Judge Lee's recommendation and argues that the court should find that the courts in Hong Kong, Taiwan, and Korea all have jurisdiction to hear all of the claims involved in this action. The court agrees with Magistrate Judge Lee and declines to make such a finding. To grant defendant's request would require the court to ascertain the amenability of each party to jurisdiction in each of three foreign jurisdictions, a finding the court is not competent to make.

Neither of the two other circumstances applies in this case. Litigation stemming from this same collision is apparently ongoing in both Korea and Taiwan, so there is no question that, at least as to courts in these two nations, they permit litigation of the subject matter of the dispute. Although plaintiffs contend that Taiwan is an inadequate forum, their complaints relate to what they see as the likely outcome of the litigation in Taiwan, not to any defect in the forum. As Magistrate Judge Lee pointed out, the test of whether an alternative forum for the litigation exists does not hinge upon plaintiffs' prediction of the outcome of the case in the alternative forum under consideration. Tr. at 80–81. Finally, plaintiffs have failed to show that they would be left without a reasonable remedy if the case were tried in Hong Kong, Taiwan, or Korea.

Thus, the court finds that the balance of both public and private factors clearly points toward an alternate forum. The court grants the motions of both Kien Hung and Hanjin to dismiss on the ground of forum non conveniens on the conditions set forth by Magistrate Judge Lee. In addition to those conditions, the court conditions its grant of these motions on defendants' waiver of any statute of limitations or laches defense in whatever forum plaintiffs bring this suit for a period of six months.

## II. Personal Jurisdiction

Kien Hung filed a motion to dismiss for lack of personal jurisdiction, a motion the Magistrate Judge recommended that the court grant. Because the court dismisses the entire action on forum non conveniens ground, it need not consider at length the issue of whether this court has jurisdiction over Kien Hung. However, because plaintiffs objected to the Magistrate Judge's refusal to allow discovery on the jurisdictional issue, an issue that is arguably separate from the actual motion to dismiss, the court will turn briefly to the issue of jurisdiction.

While discovery on the question of personal jurisdiction is sometimes appropriate when there is a motion to dismiss for lack of jurisdiction, plaintiffs must first make a threshold showing that there is

some basis for the assertion of jurisdiction. *Bangladesh Agricultural Development Corp. v. Transcontinental Imex, Inc.,* 1983 A.M.C. 1970 (S.D.N.Y.1982); *Grand Bahama Petroleum Co. v. M.V. Kriti Sky and Kamelia Co.,* 1978 A.M.C. 1238 (S.D.N.Y.), *aff'd,* 580 F.2d 1044 (2d Cir. 1978). Plaintiffs assert that this court has jurisdiction over Kien Hung pursuant to two provisions of New York's long-arm statute, CPLR § 302.[1]

### A. CPLR § 302(a)(1)

■ Plaintiffs contend first that this court has jurisdiction over Kien Hung under CPLR § 302(a)(1). This section serves as a basis for jurisdiction over non-New York domiciliaries for claims arising from the defendant's transaction of business in the state. Under this section, the court has personal jurisdiction over Kien Hung if two conditions are met: First, Kien Hung must "transact business" within the state; second, the claim against Kien Hung must arise out of that business activity. *Cutco Industries v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *McGowan v. Smith,* 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981). In addition, under § 302(a)(1) a court may assert jurisdiction over a non-domiciliary based on the acts of his or her agent in New York " 'for the benefit of, and with the knowledge and consent of' the non-resident principal." *Cutco Industries,* 806 F.2d at 366 (quoting *Grove Press, Inc. v. Angleton,* 649 F.2d 121, 122 (2d Cir.1981)).

Here, plaintiffs maintain that Hanjin and Kien Hung had a longstanding relationship pursuant to which Kien Hung would provide "feeder vessel service" to Hanjin and enable Hanjin to complete its cargo service to Hong Kong. This feeder service was an integral part of Hanjin's service to Hong Kong, according to plaintiffs, and Hanjin acted as Kien Hung's agent in securing business for Kien Hung's feeder vessel by advertising Hanjin's service in the United States. This arrangement afforded Kien

Hung access to a United States market for shipments to Hong Kong and contributed to its financial revenues. Aff. of Caspar F. Ewig at ¶¶ 2–12. Plaintiffs point to Hanjin's filing of a Connecting Carrier Agreement ("CCA") with the Federal Maritime Commission as evidence of how close Kien Hung's ties to the United States and to Hanjin are.

■ Even assuming that plaintiffs have made a prima facie showing of agency between Kien Hung and Hanjin, and that this agency allows plaintiffs to satisfy the transacting business prong of the test, plaintiffs cannot show that the claim against Kien Hung arose out of this activity, the second prong necessary to establish jurisdiction under CPLR § 302(a)(1). The two transactions that plaintiffs apparently rely upon under this section are the filing of the Connecting Carrier Agreement between Hanjin and Kien Hung, and Hanjin's solicitation of business in New York through advertisements in trade journals. Neither act provides the "articulable nexus" to the cause of action sued upon essential to jurisdiction under this section. *Cutco Industries,* 806 F.2d at 365; *McGowan,* 437 N.Y.S.2d at 643, 419 N.E.2d at 321. The existence of the CCA between Kien Hung and Hanjin is completely incidental to the key events in this suit. This action does not sound in contract for breach of the CCA, but rather, arises from a collision in the Far East. *See Uni–Petrol Gesellschaft v. M/T Lotus Maru,* 607 F.Supp. 108 (S.D.N.Y.1985) (claim for loss, shortage and non-delivery of gasoline does not arise out of charter contract and does not amount to transacting business in New York for purposes of CPLR § 302). Similarly, Hanjin's solicitation of business by way of advertisements that do not even mention Kien Hung cannot provide the necessary nexus to the cause of action. Plaintiffs do not allege some harm resulting from the advertisements. The collision and the resulting loss of cargo that lie at the heart of this suit "[bear] too remote a relationship to the

---

1. Plaintiffs concede that Kien Hung is not doing business in New York within the meaning of CPLR § 301. *See* Pl. Mem of Law at 5.

**840**

advertising and contractual activity claimed to be the transaction of business in the state to warrant a conclusion that the injuries arose from the in-state activity." *Diskin v. Starck*, 538 F.Supp. 877 (E.D.N.Y.1982). Thus, even assuming as true the facts plaintiffs wish to prove through limited discovery, plaintiffs cannot meet their burden of establishing personal jurisdiction under CPLR § 302(a)(1).

**B. CPLR § 302(a)(3)**

██ Plaintiffs also maintain that this court has jurisdiction under CPLR § 302(a)(3)(ii). To establish jurisdiction under this section, plaintiffs must show that (1) Kien committed a tort outside of New York, (2) causing injury to plaintiffs within the state, (3) that Kien expected its act to have consequences in New York, and (4) that it derive substantial resources from interstate or international commerce. *Ronar, Inc. v. Wallace*, 649 F.Supp. 310, 316 (S.D.N.Y.1986). Each of the four elements is essential, and if the court finds that the party seeking to establish jurisdiction has failed to make an adequate showing on one element, it need not reach the other three. *Id.*

██ Only the first element is arguably present in this case. There was no injury to plaintiffs within the state; all plaintiffs are foreign corporations. Moreover, for a commercial tort, the place of injury will usually be deemed the place where the critical events associated with the dispute took place. Because the collision took place in the China Sea, no injury to plaintiffs occurred in New York. Plaintiffs cannot establish jurisdiction under this section.

*Conclusion*

For the reasons set forth above, the court adopts Magistrate Judge Lee's recommendation with respect to the motions to dismiss on the ground of forum non conveniens on the conditions outlined above. The court also denies plaintiffs' request for discovery on the issue of jurisdiction. The Clerk is directed to dismiss the complaint.

SO ORDERED.