*109 OPINION OF THE COURT
Louis B. York, J.
Defendant brings this motion for summary judgment to enforce a forum-selection clause, or in the alternative for dismissal on the grounds of forum non conveniens. For the reasons discussed below, defendant’s motion is denied.
Plaintiff, Winthrop Products, Inc. hired defendant, Hanjin Container Line, Ltd. to transport ocean cargo from New York to Hong Kong. The bill of lading supplied by defendant included on its reverse side as one of 32 provisions, a forum-selection clause stating that "any action [under the bill of lading] shall be brought before the Seoul Civil District Court in the Republic of Korea.”
In February of 1987, defendant’s ship, the Hanjin Kobe, loaded plaintiff’s cargo in New York and transported it to Keelung, Taiwan. In Taiwan, defendant transferred the cargo to a smaller "feeder” ship, the K. H. Enterprise, for delivery to Hong Kong. On August 7, 1987, defendant notified plaintiff that en route from Taiwan to Hong Kong, the K. H. Enterprise had collided with another vessel and had sunk with plaintiff’s cargo on board. Plaintiff waited four years for its claim to be paid and then sued in this court to recover $17,120 for the lost cargo.
The governing law in this case is the United States Carriage of Goods by Sea Act (COGSA), 46 USC, Appendix §§ 1300 to 1315. "Every bill of lading * * * which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade, shall have effect subject to the provisions of this Act.” (46 USC, Appendix § 1300.)
Defendant acknowledges that enforcing the forum-selection clause is contrary to the majority rule in the Federal courts, yet attempts to analogize the recent case of Carnival Cruise Lines v Shute (499 US 585, 111 S Ct 1522 [1991]). Carnival involved neither COGSA nor a forum-selection clause designating a foreign locale for litigation. In that case, the Supreme Court determined that the forum-selection clause did not violate a statute similar to COGSA and upheld the designation of Florida as the required forum for a suit brought against the foreign cruise line by residents of the State of Washington.
COGSA, like the Federal statute in Carnival (supra), voids contract clauses which reduce a carrier’s liability. "Any clause, covenant, or agreement in a contract of carriage *110 relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in this Act, shall be null and void” (46 USC, Appendix § 1303 [8]). A forum-selection clause which imposes on plaintiff the substantial burden of transporting its suit to a remote forum and proceeding without the benefit of an American jurisdiction undoubtedly affects the liability of the carrier involved.
The applicable precedent in this case is Underwriters at Lloyds’s v The M/V "Steir” (773 F Supp 523 [D Puerto Rico 1991]). "Steir” followed a line of similar cases beginning with Indussa Corp. v S.S. Ranborg (377 F2d 200 [2d Cir 1967] [en banc]) which held that bill of lading forum clauses requiring litigation in foreign jurisdictions are invalid under COGSA because they tend to reduce the liability of the carrier. (Underwriters at Lloyd’s v The M/V "Steir”, 773 F Supp, at 525; Union Ins. Socy. v S.S. Elikon, 642 F2d 721 [4th Cir 1981] [Congress intended COGSA to avoid the difficulty of forum-selection clauses in bills of lading which represented clauses of an adhesion contract].) The bill of lading forum clause in this case was not a negotiated term of a contract between parties of equal bargaining power. (See, Underwriter’s at Lloyd’s v The M/V "Steir”, 773 F Supp, at 525.)
In Indussa (supra), the Second Circuit held that Congress’ intent was to void any bill of lading clause for a shipment to or from the United States which removed the transaction from the ambit of an American court and the "substantive rules Congress had prescribed.” (Indussa Corp. v S.S. Ranborg, 377 F2d, at 204.) Plaintiff’s choice of a foreign corporation doing business in New York to ship goods to Hong Kong should not deprive it of the benefits of an American court.
The Indussa court also noted that requiring an American plaintiff to bring a suit in a foreign court would significantly lessen the liability of a carrier, particularly if the claim was a small one. (Indussa Corp. v S.S. Ranborg, 377 F2d, at 203, supra.) Given the amount of plaintiff’s claim ($17,120), requiring it to proceed in Korea would undoubtedly deter plaintiff from continuing its action. For these reasons, the court declines to uphold the forum-selection clause.
In support of the forum non conveniens branch of its motion, defendant cites Monsanto Intl. Sales Co. v Hanjin *111 Container Lines (770 F Supp 832 [SD NY 1991]), in which a forum non conveniens dismissal was granted in a suit arising from the same incident as the instant case. However, the Monsanto case involved foreign plaintiffs and defendants. Though Monsanto established that COGSA does not preclude a court from dismissing a COGSA claim for forum non conveniens, the decision does not require it. A forum non conveniens dismissal is a rare and unlikely occurrence when the plaintiff is a New York resident and substantial relevant information is located in the State. (Siegel, NY Prac § 28 [2d ed 1991].) This case involves a New York resident plaintiff and a defendant which maintains an office in New York. The bill of lading was signed in New York and the cargo was shipped from there. The documents necessary to establish plaintiff’s prima facie case are located in New York or the New York area.
Plaintiff correctly asserts that it should not be faced with bringing its action in a foreign country simply because defendant chose to use the services of a company which is not under New York jurisdiction. Additionally, any costs for transportation of witnesses or translation of documents that defendant insists would be prohibitive if the case continues in New York, apply equally to plaintiff which would be forced to bring its $17,120 claim on the other side of the globe. Because granting defendant’s motion to dismiss on the grounds of forum non conveniens would effectively deny plaintiff its day in court, this branch of the motion also is denied.