*555 OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
In an attempt to circumvent the official exchange rate of Nigeria (9 Nira per $1) the parties herein entered into a contract in which plaintiff was to give defendant $3,000, or provide defendant with the use of $3,000, and defendant was to give plaintiff’s relative in Nigeria 66,000 Nira (the equivilent of 22 Nira per $1). The question on appeal is whether or not this was an illegal contract.
In the case at bar, the repayment amount was so great as to be usurious and is, therefore, illegal. Any act, promise, or agreement designed or intended to accomplish the furtherance or effectuation of an unlawful purpose is unlawful, and every such agreement is void and unenforceable. Within weeks plaintiff was to receive approximately $4,000 over and above what he loaned defendant (using the official exchange rate of 9 Nira per $1, which amounts to 27,000 Nira for $3,000, comparing it to the agreed upon rate of 22 Nira per $1 which equals 66,000 Nira which, when divided by the official rate of 9 Nira per $1, equals $7,333). Clearly, such profit, in the form of interest, within a few weeks after the principal is loaned is usurious and illegal.
Furthermore, inasmuch as CPLR 4511 (b) gives the court the ability to take judicial notice of a foreign law without request from a party to the action, noncompliance with CPLR 3016 (e) is easily remedied (see also, Gevinson v Kirkeby-Natus Corp., 26 AD2d 71). Therefore, contrary to plaintiff’s contentions, a trial court may take judicial notice of foreign law without being requested to do so, and without the presentation of expert testimony. Moreover, since plaintiff did not raise defendant’s noncompliance with CPLR 3106 (e) in the court below it is unpreserved for appellate review (Lavine v Lavine, 127 AD2d 566). In addition, a review of the record on appeal indicates that plaintiff has not shown that defendant’s negligence was the proximate cause of the injuries he received while on his way to defendant’s home to collect on the instant debt.
Kassoff, P. J., Chetta and Patterson, JJ., concur.