■ LEANNE BURNS, Appellant, v ALLAN YOUNG, as Executor of JANICE M. (YOUNG) BURNS, Deceased, Respondent. [657 NYS2d 502] —Mikoll, J. P. Appeal from an order of the Supreme Court (Demarest, J.), entered May 21, 1996 in St. Lawrence County, which granted defendant's motion to dismiss the complaint and made a declaration in defendant's favor.

In October 1993 plaintiff was a passenger in a vehicle operated by her now deceased mother (hereinafter decedent) when, at the controlled intersection of State Routes 131 and 37 in the Town of Massena, St. Lawrence County, the vehicle was in a collision with a vehicle operated by a New York resident. Plaintiff and decedent were both residents and citizens of Ontario, Canada, on a daytime shopping trip in New York at the time of the accident. Plaintiff's automobile was registered and insured in Ontario. Plaintiff was taken to a local hospital where she was treated for a broken clavicle and then released. The

injuries sustained by decedent caused her death. Plaintiff commenced this action against decedent's executor in New York seeking to recover money damages for her injuries allegedly caused by decedent's negligence. In an amended complaint plaintiff added an allegation of negligence against the State of New York. Following discovery, defendant moved for an order pursuant to CPLR 3016 declaring that the law of Ontario applied to plaintiff's claim, dismissal of plaintiff's entire claim for failure to meet the threshold injury requirement for a personal injury action under Ontario law or, in the alternative, dismissal of plaintiff's claim based on forum non conveniens. Supreme Court found that the law of the domiciliary jurisdiction should control, granted defendant's motion declaring the law of Ontario applicable and dismissed plaintiff's claim in its entirety.

Plaintiff's contention that Supreme Court erroneously converted what was essentially a pleading-related motion into a motion for summary judgment without proper notice to the parties is without merit. Defendant's notice of motion requested that Supreme Court dismiss plaintiff's claims in their entirety for failure to meet the threshold for personal injury actions under Ontario law. The court read defendant's motion as one to declare the law of Ontario applicable to plaintiff's serious injury claim and to dismiss the complaint for plaintiff's failure to meet Ontario's threshold for personal injury actions. Supreme Court did not convert defendant's motion to one for summary judgment but pursuant to the CPLR treated it as one for dismissal and gave defendant sufficient notice of the relief requested.

Plaintiff's argument that she was prejudiced by the lateness of defendant's motion, made pursuant to CPLR 3016 requesting that Ontario law be applied to her claim after the time to vacate the note of issue filed in the case had expired, is without merit. Supreme Court properly determined that CPLR 4511 (b) and 3016 (e) should be read together obviating the need to plead reliance on foreign law. CPLR 3016 (e) provides that where a defense is based upon the law of a foreign country "the substance of the foreign law relied upon shall be stated". CPLR 4511 (b) provides that "[n]otice shall be given in the pleadings or prior to the presentation of any evidence at the trial, but a court may require or permit other notice". Thus, a court has discretion to apply the law of a foreign country notwithstanding the absence of advance notice or request to do so (see, Gevinson v Kirkeby-Natus Corp., 26 AD2d 71, 73). Supreme Court did not abuse its discretion in considering

defendant's motion to take judicial notice of Ontario law in the circumstances of this case.

Also rejected is plaintiff's contention that, assuming Supreme Court properly applied Ontario law, defendant's proof was insufficient to establish that plaintiff's injury did not meet the applicable threshold to entitle her to maintain the action. Supreme Court found that plaintiff's injuries were insufficient to meet the threshold test for suit under the law of Ontario (*see, Meyer v Bright*, 15 OR2d 129 [Oct. 22, 1993]), not New York. However, plaintiff did not argue in Supreme Court that her injuries satisfied the serious injury threshold under Ontario law and is thereby precluded from raising that issue for the first time on appeal (*see, General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759).

Plaintiff's argument that Supreme Court improperly applied the relevant factors in resolving the choice of law issue in this case is rejected (*see, e.g., Jean v Francois*, 168 Misc 2d 48, 50-51; *see, Singh v Swan*, 225 AD2d 1057; *but compare, LaForge v Normandin*, 158 AD2d 990). Plaintiff seeks relief involving only posttort allocation of loss in this action and the parties' domicile is significant in the court's choice of law determination (*see, Cooney v Osgood Mach.*, 81 NY2d 66, 72-73; *see also, Jean v Francois, supra*, at 50). The cases of *Singh v Swan* (*supra*) and *LaForge v Normandin* (*supra*) involved New York domiciliaries. Additionally, there appears to be no genuine dispute as to decedent's liability for the accident in this action.

We have considered plaintiff's other arguments of error and find them without merit.

Crew III, Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.