■ ALAS INTERNATIONAL LIMITED, Respondent, v NELSON RAMIZ et al., Appellants. ZADIK BINO et al., Counterclaim Defendants-Respondents, et al., Counterclaim Defendants. [683 NYS2d 83] —Order, Supreme Court, New York County (Charles Ramos, J.), entered August 31, 1998, which, insofar as ap-

pealed from, granted plaintiff's and counterclaim defendants Massie's and Bino's motion for partial summary judgment to the extent of dismissing all counterclaims as against Massie and Bino for lack of personal jurisdiction, and dismissing the fourth through eleventh counterclaims as against plaintiff and all counterclaim defendants, unanimously affirmed, with costs.

Jurisdiction is lacking over Massie and Bino for failure to show sufficient New York purposeful activity in connection with the memorandum of understanding that defendants attack as the product of fraud in their first and second counterclaims. While both are officers and directors of plaintiff Alas International Limited, as is additional defendant Yosef, who is domiciled and resides in New York, neither signed the memorandum, which was not executed in New York. While the memorandum contains New York choice-of-law and forum provisions, the separate, but highly related facility letter, executed by Alas and the corporate defendant, subjects those entities to the law of England and requires service of process there. Massie's only in-State activity in connection with the memorandum was one visit here prior to its execution to discuss its terms with Yosef; thereafter his visits to New York were to attend settlement discussions, or to prepare for or testify at a deposition, in this case. Bino came to New York only once, after the memorandum's execution, to attend settlement discussions. The only other New York-related activities by Massie and Bino are telephone calls and facsimiles made to or received from Yosef, who was in New York, and Massie also was in telephone contact with Yosef in New York during the Venezuelan auction of the assets, control of which the parties are contesting. There is no evidence that Yosef acted as Massie's and Bino's agent (*see, Lehigh Val. Indus. v Birenbaum*, 527 F2d 87, 92). Such contacts, alone or collectively, do not show that Massie or Bino transacted business in New York within the meaning of CPLR 302 (a) (1) (*see, Sternberg v Nathan*, 112 F3d 505 [unpublished opn], 1997 US App LEXIS 10376; *Packer v TDI Sys.*, 959 F Supp 192, 200), and bear no relationship at all to the fourth through eleventh counterclaims which, asserting various torts based on the commencement of allegedly groundless civil and criminal proceedings in Venezuela and the publication of allegedly defamatory advertisements in Venezuelan newspapers, arose at a different time and place and involve different documents than the first and second counterclaims (*see, Monsanto Intl. Sales Co. v Hanjin Container Lines*, 770 F Supp 832, 839-840, *mod* 1991 US Dist LEXIS 14189 [SD NY, Oct. 8, 1991, Wood, J.], *affd* 962 F2d 4). Nor does it appear that Massie's one-time New York meeting with the Venezuelan lawyer laid

the groundwork for alleged torts committed in Venezuela (*compare*, *Kronisch v United States*, 150 F3d 112). The fourth through eleventh counterclaims were also properly dismissed as against plaintiff and all counterclaim defendants, without prejudice, for failure to plead Venezuelan law (CPLR 3016 [e]; *see*, *Elghanayan v Elghanayan*, 148 Misc 2d 552; *compare*, *Burns v Young*, 239 AD2d 727). We have considered defendants' other contentions and find them to be unavailing. Concur— Sullivan, J. P., Rosenberger, Williams and Saxe, JJ.