OPINION OF THE COURT
Bruce McM. Wright, J.
Plaintiff, a West German bank, brings this action to collect the loans it made to defendant, from December 1973 through 1976. The bank seeks judgment in the amount of 1,298,102.84 German marks which, when converted into dollars on the date of breach, equals $503,534.09. Plaintiff here moves for summary judgment. Defendant opposes the motion on the ground, inter alia, that on July 2, 1976, plaintiff entered a claim against defendant Edelmann in the amount of DM 620,765.75 in the register of the District Court, Frankfurt Am Main, Federal Republic of Germany; that this entry was tantamount to a valid final, conclusive and enforceable judgment, that the judgment is based upon the same loan transactions underlying *687 this lawsuit; that this German judgment is recognized in this State pursuant to CPLR 5302 and 5303, and that, therefore, plaintiff is estopped by the principle of res judicata, from suing again on the same claim. Defendant also contends that issues of fact concerning the amount of damages preclude the granting of summary judgment in plaintiff’s favor.
There is no dispute that defendant borrowed money from plaintiff and has not repaid it. Defendant’s counsel, relying on the principle of res judicata, asserts that a German judgment exists in favor of the bank, and that plaintiff is therefore estopped from seeking recovery of the moneys in this action. However, defendant’s concession that the German judgment was valid, final and conclusive serves to strengthen plaintiff’s motion for summary judgment, rather than defeat it.
CPLR 5303 provides, in pertinent part, that "a foreign country judgment meeting the requirements of section 5302 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. Such a foreign judgment is enforceable by an action on the judgment, a motion for summary judgment in lieu of complaint, or in a pending action by counterclaim, cross-claim or affirmative defense.”
While plaintiff may be barred from relitigating here what has already been decided by the District Court, Frankfurt Am Main, Federal Republic of Germany, plaintiff may certainly enforce the German judgment by an action on the judgment, pursuant to CPLR 5303. Defendant argues that plaintiff is precluded from moving for summary judgment on the basis of the German judgment because plaintiff’s complaint sounds in contract, rather than an action for enforcement of the foreign judgment. However, "summary judgment may be awarded to the movant on an unpleaded cause of action if the proof supports such cause and if the opposing party has not been misled to its prejudice (Dampskibsselskabet v Thomas Paper Co., 26 AD2d 347, 352).” (Costello Assoc. v Standard Metals Corp., 99 AD2d 227, 229.) Here, defendant cannot claim that he has been misled to his prejudice due to plaintiff’s failure to plead the existence of the foreign judgment. To the contrary, defendant attests to the validity, enforecability and conclusiveness of the German judgment, and inexplicably asserts the existence of the judgment as a defense to plaintiff’s claim against him. Defendant simply has not pointed to one issue of fact that would preclude the granting of summary judgment in favor of plaintiff, on the issue of liability.
*688 Further, the court rejects defendant’s contention that plaintiff’s failure to set forth the substance of German law in its pleading is fatal to plaintiff’s motion for summary judgment. Defendant points to CPLR 3016 (e), which states that "Where a cause of action or defense is based upon the law of a foreign country or its political subdivision, the substance of the foreign law relied upon shall be stated.” A related statute is CPLR 4511 G>) which provides, in pertinent part, that every court may take judicial notice without request of the laws of foreign countries, and that "Judicial notice shall be taken of matters specified in this subdivision if a party requests it, furnishes the court sufficient information to enable it to comply with the request, and has given each adverse party notice of his intention to request it. Notice shall be given in the pleadings or prior to the presentation of any evidence at the trial, but a court may require or permit other notice” (emphasis supplied). Here, plaintiff has apprised both the court and defendant of the German law relied on. Plaintiff has annexed to its motion papers pertinent statutes, and case law, as well as interpretations of the law by German attorneys.
Regarding the interplay between the pleading requirements set forth in CPLR 3016 (e), and the provisions of CPLR 4511 (b), one commentator has noted: "It is certainly a fair reading of CPLR 3016 (e) that, where the law of a foreign country is involved, its substance must be pleaded, regardless of whether the party intends to request the court to take judicial notice of it. An equally plausible reading of the two sections is that notice of intention to request the court to take judicial notice of a foreign law may be given in any manner permitted by CPLR 4511 (b), but, if the party elects to use the pleadings as the vehicle for giving notice, then he must comply with the formalities of CPLR 3016 (e) and state the substance — as opposed to a mere citation of the law, on the one hand, or a verbatim reproduction of the statute, on the other — of the foreign law. It is submitted that, since the purpose of both provisions is simply to apprise the court and the adversary, that a later request will be made for the court to judicially notice a foreign law, the latter interpretation is the sounder one.” (McLaughlin, 1965 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1964-1984 Supp Pamph, CPLR 4511 [b], p 291.) Applying this "sounder” approach, the court finds that plaintiff has adequately notified both the court and defendant that it intends to request the court to take judicial notice of applicable German law, and *689 that plaintiff need not amend its complaint to set forth the substance of that law. Accordingly, plaintiffs motion is granted to the extent that plaintiff is awarded partial summary judgment in its favor on the issue of liability.
The amount of damages that plaintiff is entitled to cannot be resolved on this record. Plaintiff has a July 2, 1976 judgment against defendant in the amount of DM 620,765.75. This amount was apparently reduced when proceeds from the sale of collateral were credited against the outstanding balance. There is some question as to the manner in which these payments were credited against the balance due. At one point, in an August 7, 1980 letter to defendant, plaintiff stated defendant’s debt as DM 522,251.64. Plaintiff now alleges that this amount was in error. Part of the reason that this confusion over plaintiffs computations exists is because the plaintiff has never submitted to examination by defendant, although defendant noticed plaintiff for a deposition in March 1982. Accordingly, plaintiff is directed to submit to examination by defendant prior to the assessment of damages that shall be conducted.
Other issues regarding the interest rate that plaintiff may charge, are subject to German law, and must also be resolved at the assessment.
Accordingly, the Clerk is directed to enter partial judgment in favor of plaintiff on the issue of liability. Upon the filing of a note of issue and statement of readiness, payment of proper fees and service of a copy of this order with notice of entry upon the Calendar Clerk, the Calendar Clerk shall place this matter on the calendar for an assessment of damages.