■ Harris S.A. De C.V., Respondent, v Grupo Sistemas Integrales De Telecomunicacion S.A. De C.V. et al., Appellants. [719 NYS2d 25] —Order, Supreme Court, New York County (Barry Cozier, J.), entered March 1, 2000, which, to the extent appealed from, granted plaintiff's motion for summary judgment in this action pursuant to CPLR article 53, converting a foreign judgment to a judgment of execution against the corporate defendants for the amount of their assets in New York, unanimously affirmed, with costs.

The IAS Court properly recognized and directed enforcement in New York of the underlying money judgment obtained by plaintiff in Mexico. There is no question that the subject judgment is valid and that the underlying dispute, at least with respect to defendants-appellants' liability, was fully and fairly litigated in Mexico where all of the parties resided. Defendants have made no showing of fraud in the procuring of the judgment. Nor would enforcement of the judgment upon assets of the corporate defendants located in this jurisdiction be offensive to public policy in this State. The circumstance that, pursuant to Mexican law, the judgment permitted the sale of the collateral securing payment of defendants' debt to plaintiff, at only two-thirds of its judicially assessed value in partial satisfaction of the debt, does not render the judgment, to the extent that it remains unsatisfied in the aftermath of the Mexican foreclosure proceedings, offensive to New York's public policy. While it is true that New York affords greater protection than Mexico to debtors whose property is foreclosed, it does not follow that the Mexican policies vindicated by enforcement of the subject judgment in New York conflict so fundamentally with New York's public policy as to justify a denial of comity (see, Greschler v Greschler, 51 NY2d 368).

Contrary to defendants' arguments, plaintiff was not required either under the parties' underlying contract or governing Mexican law to obtain a deficiency judgment within the Mexican foreclosure action in order to enforce its money judgment, to the extent that such judgment remained unsatisfied subsequent to the Mexican foreclosure sale. In this connection, the IAS Court properly found that the specific provisions of Civil Code of Procedure for the Federal District of Mexico article 540 took precedence over the general principles cited by defendants' expert that were not supported by specific code sec-

tions or binding precedent. It is undisputed that the judgment entitled plaintiff to foreclose on the security and seek any shortfall from defendants. Defendants' contention that plaintiff waived its right to collect the deficiency at the judicial sale is belied by the record.

In ruling as to the requirements of Mexican law, the IAS Court had discretion pursuant to CPLR 4511 (b) to take judicial notice of the law of Mexico, which is based on a code system, not common law, and its construction thereof was a legal matter appropriate for resolution on a motion for summary judgment (*see, Overseas Dev. Bank in Liquidation v Nothmann*, 103 AD2d 534, 540, *revd on other grounds* 64 NY2d 927). Given the state of the record, which contained translations of the judgment, the order confirming the judicial sale, a translated record of the judicial sale and translated provisions of the Mexican codes and judicial decisions, as well as multiple affidavits by the parties' experts interpreting the relevant legal provisions, no hearing was necessary in advance of the court's construction of the applicable Mexican law (*see, Dresdner Bank AG. v Edelmann*, 129 Misc 2d 686, *affd* 117 AD2d 1024).

We have considered defendants' remaining arguments and find them unavailing. Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Friedman, JJ.