■ ANDREW A. TAUSSIG, Plaintiff, v THE CLIPPER GROUP, L.P., Defendant and Third-Party Plaintiff-Appellant. CS FIRST BOSTON FINDERS I, L.P., Third-Party Defendant-Respondent. [787 NYS2d 10]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered June 5, 2002, dismissing the third-party complaint, unanimously affirmed, without costs. Order, same court and Justice, entered November 18, 2002, which, to the extent appealed from as limited by the briefs, denied third-party plaintiff's motion to amend the third-party complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered May 24, 2002, which granted third-party defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third-party complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant Clipper Group brought the third-party action against CS First Boston Finders I to enforce an indemnification provision of a Carried Interest Sharing Agreement. Under that Agreement, certain employees of CS First Boston (CSFB) could obtain a share of "carried interest" received by Clipper as payment for its service in managing certain CSFB banking investments, which it provided through various partnership agreements. The indemnification provision applied only to claims

"relating to activities undertaken in connection with this Agreement or the enforcement of any of [its] terms."

The interpretation of an unambiguous contract is a question of law for the court, and the provisions of a contract addressing the rights of the parties will prevail over the allegations in a complaint. Moreover, where factual allegations or legal conclusions are flatly contradicted by documentary evidence, they are not presumed to be true, or even accorded favorable inference (*Ark Bryant Park Corp. v Bryant Park Restoration Corp.*, 285 AD2d 143, 150 [2001]). Indemnity agreements should be strictly construed, and a promise to indemnify should not be found unless clearly implied in the language of the Agreement (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]).

Here, although plaintiff sought recovery of a finder's fee for an investment he had referred to Clipper, the documentary evidence established that his complaint was based not on the Agreement, but on an alleged oral offer made by Clipper's president at a managing directors' conference in 1994. Thus, plaintiff's claim was not an attempt to enforce the Agreement. While Clipper asserts that plaintiff's claim was barred because it came within the Agreement and was governed by it, the documentary evidence conclusively establishes the contrary. Nor can Clipper assert that it is attempting to enforce the Agreement against plaintiff, since plaintiff was not a party to or third-party beneficiary of the Agreement. Furthermore, third-party defendant never sought any carried interest under the Agreement from the investment resulting from plaintiff's referral. Although plaintiff's referral and the action for a finder's fee are the same type of activity covered by the Agreement containing the indemnity provision, they do not fall within the Agreement or the indemnity provision.

The proposed amendment to the third-party complaint lacked merit because the documentary evidence submitted by Clipper did not change the salient facts (*see generally Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 116 [1998]). Concur— Nardelli, J.P., Tom, Saxe, Friedman and Sweeny, JJ.