■ ROBERT KOCIS et al., Plaintiffs, v THE UNIFICATION CHURCH, Also Known as HOLY SPIRIT OF THE UNIFICATION OF WORLD CHRISTIANITY, et al., Defendants. THE UNIFICATION CHURCH, Also Known as HOLY SPIRIT OF THE UNIFICATION OF WORLD CHRISTIANITY, et al., Third-Party Plaintiffs-Appellants, v NEW YORK ELEVATOR CO., INC., Third-Party Defendant-Respondent. (And Another Action.) [824 NYS2d 291]—

Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 7, 2006, dismissing the third-party complaint seeking contractual indemnification from third-party defendant New York Elevator Co., Inc., and bringing up for review an order, same court and Justice, entered February 21, 2006, which, inter alia, granted New York Elevator Co.'s motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs. Appeal from the aforementioned order unanimously dismissed, without costs.

This Labor Law action arises out of an accident in which third-party defendant New York Elevator's employee was injured during the course of his employment at premises owned and managed by third-party plaintiffs. Third-party plaintiffs' claim for contractual indemnification from New York Elevator

was properly dismissed because the maintenance agreement upon which the contractual indemnification claim is premised contains no unmistakably clear manifestation of an intention on the part of New York Elevator to indemnify third-party plaintiffs for claims such as those made by plaintiff in the main action (*see Taussig v Clipper Group, L.P.*, 13 AD3d 166 [2004], *lv denied* 4 NY3d 707 [2005]). Aside from the circumstance that the portion of the maintenance agreement relied upon by third-party plaintiffs does not contain language of indemnification, it is plainly inapplicable given the allegations in the main action; it addresses situations where a patron is injured on or about an escalator, and here the accident involved a nonpatron and did not occur in the vicinity of an escalator. Concur—Tom, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.