VLADIMIR GUSINSKY, Respondent, v SAGI GENGER et al., Appellants. [906 NYS2d 6]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered December 31, 2009, in favor of plaintiff and against defendant AG Holdings Company in the principal amount of $3,895,744.75, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 22, 2009, which, inter alia, granted plaintiff's motion for partial summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

There is no merit to defendants' claim that the subject promissory note and allonge (an amendment to the note that changed

the currency in which it was payable to Canadian dollars) are unenforceable under governing Nova Scotia law because they were executed for the illegal purpose of making a bribe. As the motion court found, such claim is refuted by defendants' own admissions in pleadings and memoranda that the loan was made for a legitimate business purpose, and is otherwise conclusory and insufficient to defeat summary judgment (*see Banesto Banking Corp. v Teitler*, 172 AD2d 469 [1991]; *see also Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967 [1988]). We also reject defendants' argument that the validity of the allonge turns on an issue of fact as to Nova Scotia law. The construction of foreign law is a legal question appropriate for summary resolution and can be based, inter alia, on expert affidavits interpreting the relevant legal provisions (*see Harris S.A. De C.V. v Grupo Sistemas Integrales De Telecomunicacion S.A. De C.V.*, 279 AD2d 263, 264 [2001], *lv denied* 96 NY2d 709 [2001]; *Itar-Tass Russian News Agency v Russian Kurier, Inc.*, 153 F3d 82, 92 [2d Cir 1998]). Here, both parties' experts on Nova Scotia law stated that the essential element of consideration is that each party exchange something of value, and defendants' expert did not state whether there was consideration for the allonge. Thus, based on the opinion of plaintiff's expert, the motion court correctly found that the allonge generated its own consideration, in that it could have benefitted either party depending on currency fluctuations over which they had no control (*see generally Apfel v Prudential-Bache Sec.*, 81 NY2d 470, 476 [1993]). Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Acosta, JJ.