Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered May 2, 2012, awarding plaintiff the principal sum of $704,066.41, plus interest, costs and disbursements, and bringing up for review an order, same court and Justice, entered March 12, 2012, which granted plaintiffs motion for summary judgment in lieu of complaint and denied defendant’s cross motion for summary judgment dismissing the action or, in the alternative, for a stay, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff’s motion for summary judgment denied, and plaintiff is directed to file a complaint within 30 days of entry of this order.
Flaintiff s motion brought pursuant to CELR 3213 to enforce a Spanish court’s award of damages as against defendant who improperly commenced a proceeding to arrest plaintiffs ship in Spain, should not have been granted.
A motion for summary judgment brought in lieu of a *484 complaint (CPLR 3213) is based on an “instrument for the payment of money only or upon any judgment.” The statute allows a plaintiff an expedited procedure for entry of a judgment by filing and service of a summons and a set of motion papers that contain sufficient evidentiary detail for the plaintiff to establish entitlement to summary judgment (see David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:8).
CPLR 5302 provides that New York will recognize foreign decrees that are “final, conclusive and enforceable where rendered even though an appeal therefrom is pending.” In addition to a copy of the Spanish document and a certified English translation, the parties provided affidavits by Spanish law experts who cite different articles and sections of Spain’s Civil Procedure Act (LEG) to support their conclusions as to whether the document here, denominated a “ruling” (“auto” in Spanish), is enforceable as a final judgment. Defendant’s legal expert asserts that under articles 538 and 811 of the LEG, plaintiff must petition the Spanish court upon notice to “convert” the ruling into a judgment, at which point it becomes enforceable. Plaintiffs legal expert disputes defendant’s expert’s reliance on the two LEG articles, but also asserts that defendant has no assets in Spain and no enforcement proceeding in Spain is necessary. He states that in Spanish law, there are two types of “auto,” those that are final (“auto definitivo”) and others that are interlocutory orders. He concludes that the auto here is final (“auto definitivo”), based on articles 741.3, 742, and 716 of the LEG. Plaintiff has not provided copies of these Spanish statutes with translations, or of the two statutes cited by defendant.
“The construction of foreign law is a legal question,” that may be “appropriate for summary resolution” when sufficient information based on documentary and other evidence is presented (Gusinsky v Genger, 74 AD3d 539, 540 [1st Dept 2010]). The court may choose to take judicial notice of laws of a foreign jurisdiction, but it is only required to do so when the party requesting the notice provides “sufficient information to enable it to comply with the request” (CPLR 4511 [b]). The motion court has broad discretion in considering the evidence presented, which may take a variety of forms (see CPLR 4511 [d]). Copies of statutes are prima facie evidence of the law when contained in publications generally admitted as evidence of the existing law of the jurisdiction where it is in force (id.). Expert affidavits interpreting the relevant legal provisions can be a basis for constructing foreign law when accompanied by suf *485 ficient documentary evidence (see Gusinsky v Genger, 74 AD3d at 540, citing Harris S.A. De C.V. v Grupo Sistemas Integrales De Telecomunicacion S.A. De C.V., 279 AD2d 263, 264 [1st Dept 2001], lv denied 96 NY2d 709 [2001]). For example, in Harris, we affirmed the grant of summary judgment converting a foreign judgment from Mexico to a judgment of execution against the corporate defendants for the amount of their assets in New York because the motion court was able to take judicial notice of the applicable Mexican law based on the evidence which included translations of the judgment at issue and the order confirming the judicial sale, a translated record of the judicial sale, translated provisions of the Mexican codes and judicial decisions, and several affidavits by the parties’ experts interpreting the relevant legal provisions. In contrast, we found that the motion court properly declined to take judicial notice of certain French Ordinances in Warin v Wildenstein & Co. (297 AD 2d 214, 215 [1st Dept 2002]) because it was not provided with sufficient information to determine the scope and effect of the Ordinances. Specifically, the defendants’ French law expert failed to explain the interplay between the time limits in the Ordinances and those in the generally applicable French Civil Code, or to provide French jurisprudence interpreting the Ordinances, and only provided his opinion that the action was time-barred under both the Ordinances and the Code.
Here, the motion court, finding the contents of the affidavit of plaintiffs expert to be more persuasive than that of defendant’s expert’s affidavit, concluded that under Spanish law the document at issue is an enforceable judgment and that it is suitable for disposition under CPLR 3213. We disagree. The motion court was provided with the affidavits of the experts whose opinions differed, but was not provided with translated copies of the LEG sections cited by both experts. Thus, the court was not provided adequate information to determine as a matter of law that the document is a final judgment under Spanish law and ripe for enforcement in New York. As plaintiff had the burden of proof, it was required to provide all the information necessary to establish entitlement to summary judgment in lieu of complaint. Having failed to carry its burden, plaintiffs motion should have been denied.
Although not essential to our determination that summary judgment should not have been granted to plaintiff, we have considered defendant’s alternative argument regarding the sufficiency of plaintiffs moving papers. The papers did not include a copy of the actual “instrument for the payment of money” and instead contained what appears to be an uncertified En *486 glish translation of the Spanish court judgment. The motion court granted plaintiff an adjournment to supplement its papers, and plaintiff submitted a certified copy of the Spanish-language document, a certified English translation that corrected the name of the document, originally called a “brief,” to “ruling,” and an affidavit by a Spanish legal expert discussing the law.
There is no absolute rule that in a CPLR 3213 motion, a plaintiff cannot supplement its papers in response to a defendant’s arguments, so as to establish its entitlement to summary judgment in lieu of complaint. “Nothing that is curable by the mere addition of papers should result in a denial of the motion, unless it is a denial with leave to renew on proper papers” (David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:8). “Mere omissions from the affidavits” that can be rectified by filing and serving additional affidavits should be cured by a continuance or adjournment in order for the additional affidavits to be served and filed (id.). Thus, in Shaw v Krebs (85 AD2d 913 [4th Dept 1981]), CPLR 3213 relief was denied because the certified copy of the clerk’s minutes was not a substitute for a certified copy of the judgment. However, in European Am. Bank & Trust Co. v Schirripa (108 AD2d 684 [1st Dept 1985]), the failure to attach copies of underlying promissory notes to an unconditional guarantee was not fatal, where the instrument and an affidavit of nonpayment were submitted. In Matapos Tech. Ltd. v Compania Andina de Comercio Ltda (68 AD3d 672, 672 [1st Dept 2009]), where the defendant “had made an issue of’ missing endorsements to the subject notes, the motion court properly allowed the plaintiff to submit a supplemental affidavit containing the endorsements that had been inadvertently omitted from the initial moving papers.
Here, defendant had an opportunity to address the merits of the later-submitted documents, in the form of a reply in the cross motion, and therefore plaintiffs failure initially to include all the documents did not result in prejudice to defendant and require denial of the motion (see Matter of Kennedy v Mobius Ready Holdings LLC, 33 AD3d 380, 382 [1st Dept 2006]).
Defendant never argued below that public policy precludes recognition of the award; accordingly, the argument is waived (see CIBC Mellon Trust Co. v Mora Hotel Corp., 296 AD2d 81, 101 [1st Dept 2002], affd 100 NY2d 215 [2003], cert denied 540 US 948 [2003]). In any event, the argument is unavailing, as the cause of action on which the damages award is based is not “repugnant to the public policy of this state” (CPLR 5304 [b] [4]).
*487 Upon denial of a plaintiffs motion for summary judgment in lieu of complaint, “the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise” (CPLR 3213). Here, given that the initial motion papers were supplemented as discussed above, it is appropriate to direct plaintiff to file a formal complaint.
We have considered defendant’s remaining arguments and find them unavailing. Concur — Acosta, J.E, Renwick, Richter and Feinman, JJ.