Quattro Parent LLC v Zaki (2018 NY Slip Op 02437)





Quattro Parent LLC v Zaki


2018 NY Slip Op 02437


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6251 651555/17

[*1]Quattro Parent LLC, Plaintiff-Respondent,
v
Rakib Zaki, Defendant-Appellant.


Gregory Zimmer, New York, for appellant.
Becker, Glynn, Muffly, Chassin & Hosinski LLP, New York (Jesse T. Conan of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered December 7, 2017, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
Contrary to defendant's contention, the plain terms of the parties' agreement did not conclusively establish a defense that warrants dismissal of the complaint (see Leon v Martinez, 84 NY2d 83, 87 [1994]; see Mill Fin. LLC v Gillett, 122 AD3d 98 [1st Dept 2014]; Taussig v Clipper Group, L.P., 13 AD3d 166, 167 [1st Dept 2004], lv denied 4 NY3d 707 [2005]). Upon de novo review of the parties' agreement (see Duane Reade, Inc. v Cardtronics, LP, 54 AD3d 137, 140 [1st Dept 2008]), we find that the subject provision which precluded plaintiff from unwinding its business or subsidiaries during an "interim period" was not an "automatic termination" clause, as characterized by defendant. No such language was used, or even implied, and the provision's stated intent was to implement a separate operating agreement between the parties by imposing limitations upon plaintiff's actions during the period before such operating agreement could become effective.
It is undisputed that defendant never made the $7,500,000 payment required by the terms of the parties' agreement, giving rise to a cognizable claim for breach of contract (see e.g. Awards.com v Kinko's Inc., 42 AD3d 178, 187 [1st Dept 2007], affd 14 NY3d 791 [2010]). Under these circumstances, plaintiff's unwinding of Quattro and a subsidiary one year after defendant's breach does not foreclose plaintiff's breach of contract claim (see Computer Possibilities Unlimited, Inc. v. Mobil Oil Corp., 301 AD2d 70, 77 [1st Dept 2002] ["(b)esides giving the nonrepudiating party an immediate right to sue for damages for total breach, a repudiation discharges the nonrepudiating party's obligations to render performance in the future"]; see also
American List Corp. v. U.S. News & World Report, Inc., 75 NY2d 38, 44 [1989]). Accordingly, defendant's pre-answer motion to dismiss the complaint was correctly denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK