Lee v Grimblat (2025 NY Slip Op 00161)

Lee v Grimblat

2025 NY Slip Op 00161

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Index No. 100047/23 Appeal No. 3476 Case No. 2024-03286 

[*1]Lea Lee, Plaintiff-Respondent,
v
Elisabeth Royer Grimblat, et al., Defendants, Edward Tyler Nahem, et al., Defendants-Appellants.

ArtxLaw PLLC, Kingston (John R. Cahill of counsel), for appellants.
Lea Lee, respondent pro se.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered May 17, 2024, which denied defendants' motion for an anti-suit injunction, unanimously reversed, on the law, with costs, and the motion granted.
In January 2023, plaintiff commenced this action. In a June 2023 order, Supreme Court dismissed the complaint in its entirety and later reduced the order to a final judgment. Six months later, plaintiff commenced proceedings in France against the same defendants, making essentially the identical allegations.
Supreme Court improvidently exercised its discretion when it denied the motion for an anti-suit injunction. Because a New York court has issued a final judgment on the merits in this action, the courts of this state are entitled to protect that judgment by enjoining plaintiff against pursuing the French proceeding (see Indosuez Intl. Fin. v National Reserve Bank, 304 AD2d 429, 430-431 [1st Dept 2003]; Paramedics Electromedicina Comercial, Ltda. v GE Med. Sys. Info. Tech., Inc., 369 F3d 645, 654-655 [2d Cir 2004]). Furthermore, despite Supreme Court's suggestion otherwise, an anti-suit injunction is appropriate even in the absence of a forum selection clause, in the interest of preventing duplicative litigation that might lead to conflicting results and preventing the waste of judicial resources (see id. at 655; see also Continuum Energy Techs., LLC v Iron Oak, Inc. [USA], 228 AD3d 423, 424 [1st Dept 2024]).
We reject plaintiff's argument that an anti-suit injunction is inappropriate because the French proceeding involved issues of French law. CPLR 4511(b) provides a mechanism for courts to construe the law of other jurisdictions (see Sea Train Maritime Corp. v Coutsodontis, 111 AD3d 483, 484 [1st Dept 2013]; Harris S.A. de C.V. v Grupo Sistemas Integrales De Telecomunicacion S.A. De C.V., 279 AD2d 263, 264 [1st Dept 2001]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025