Wells Fargo v Ferrato (2025 NY Slip Op 02672)

Wells Fargo v Ferrato

2025 NY Slip Op 02672

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Index No. 850294/17|Appeal No. 4247|Case No. 2022-03288|

[*1]Wells Fargo, etc., Plaintiff-Respondent,
v
Donna Ferrato, Defendant-Appellant, Capital One Bank (USA) N.A., et al., Defendants.

Rosenberg Fortuna & Laitman, LLP, Garden City (Anthony R. Filosa of counsel), for appellant.
Akerman LLP, New York (Jordan M. Smith of counsel), for respondent.

Appeal from Order and Judgment (one paper), Supreme Court, New York County (Francis A. Kahn III, J.), entered May 26, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff Wells Fargo's motion for a judgment of foreclosure and sale and denied defendant's Ferrato's cross-motion for summary judgment dismissing the complaint, unanimously held in abeyance, without costs, and the matter remitted to Supreme Court for consideration, after joinder of the Attorney General, of plaintiff's arguments that the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821), as applied in this case, violates the Takings and Due Process Clauses of the Federal and State Constitutions.
Supreme Court granted plaintiff's motion for summary judgment of foreclosure and sale on or about May 26, 2022, and the judicial foreclosure sale was scheduled to occur on November 2, 2022. On December 30, 2022, FAPA went into effect. FAPA provides that a voluntary discontinuance of a foreclosure action does not reset the limitations period to commence a foreclosure action. FAPA Section 10 provides that it shall apply to all foreclosure actions "in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10). This Court has determined that the Legislature intended FAPA to apply retroactively (see Wilmington Tr., N.A. v Farkas, 232 AD3d 524, 525-526 [1st Dept 2024]; Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487, 488 [1st Dept 2024]; Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44 [1st Dept 2023]).
Contrary to plaintiff's contention, FAPA applies here since plaintiff's final judgment of foreclosure and sale has not been enforced (L 2022, ch 821, § 10). Courts have consistently distinguished between a judgment and its enforcement (see e.g. Harris S.A. De C.V. v Grupo Sistemas Integrales De Telecomunicacion S.A. De C.V., 279 AD2d 263 [1st Dept 2001], lv denied 96 NY2d 709 [2001]). "Enforcement" of a foreclosure judgment is understood as the conducting of a sale (see Guardian Loan Co. v Early, 47 NY2d 515, 519-520 [1979] [CPLR 5240 grants courts power to alter enforcement procedures before, but not after, deed is delivered to purchaser, at which time enforcement procedure is completed]; see also U.S. Bank Trust, N.A. v Leonardo, 79 Misc 3d 1075, 1079 [Sup Ct, Nassau County 2023]). 
CPLR 213(4)(a) provides, in relevant part, that "a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, . . ., that the instrument was not validly accelerated." Plaintiff contends that in Freedom Mtge. Corp. v Engel (37 NY3d 1 [2021]), the Court of Appeals' conclusion that this action was timely commenced constituted an "expressed judicial determination" that the debt "was not validly accelerated" by prior foreclosure actions commenced in 2009 and 2011, thus removing it from FAPA's ambit. However, Supreme Court initially dismissed [*2]the 2009 foreclosure action for plaintiff's failure to attach a copy of the 2008 loan modification agreement, from which plaintiff did not appeal. Thus, plaintiff is estopped under FAPA's clarifications to CPLR 213(4) from contending that its commencement of the 2009 foreclosure action did not validly accelerate the debt (see Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 46 [1st Dept 2023]). Significantly, the Court of Appeals' reasoning for determining this action was timely in Engel, was expressly overruled by FAPA.
Although we agree with defendant that FAPA, as enacted, applies to this foreclosure action, plaintiff has raised a substantial question as to whether the application of FAPA to this case, in which plaintiff obtained a final judgment of foreclosure and sale before FAPA was enacted, violates the Takings and Due Process Clauses of the Federal and State Constitutions. Supreme Court did not have an opportunity to address this issue, as the order appealed from was rendered before FAPA was enacted. Accordingly, we hold the appeal in abeyance and remit the matter to Supreme Court for consideration of these constitutional issues after joinder of the Attorney General.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025