South32 Chile Copper Holdings Pty Ltd v Sumitomo Metal Min. Co., Ltd. (2025 NY Slip Op 02892)

South32 Chile Copper Holdings Pty Ltd v Sumitomo Metal Min. Co., Ltd.

2025 NY Slip Op 02892

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 650642/23|Appeal No. 4337|Case No. 2024-04691|

[*1]South32 Chile Copper Holdings Pty Ltd, etc., Plaintiff-Respondent,
v
Sumitomo Metal Mining Co., Ltd., et al., Defendants-Appellants.

Sullivan & Cromwell LLP, New York (Thomas C. White of counsel), for appellants.
Kirkland & Ellis LLP, New York (Aaron H. Marks of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered July 5, 2024, which denied the motion of defendants to dismiss the complaint under to CPLR 3211(a)(7), unanimously modified, on the law, to grant the motion to the extent of dismissing so much of the first cause of action for breach of contract as seeks to recover taxes resulting from the interest that nonparties SMM Holland B.V. (SMMH) and SC Sierra Gorda Finance B.V. (SGF) accrued in 2021 on a loan, and the interest that was impaired in the year in which it accrued, to declare that such taxes are not Pre-Closing Taxes, and otherwise affirmed, without costs.
Supreme Court was not "limited to the pleadings . . . [on] a motion to dismiss pursuant to CPLR 3211(a)(7)" (Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 134 [1st Dept 2014]; see also id. at 133). Even though defendants moved under CPLR 3211(a)(7), as opposed to subsection (1), they could still submit documentary evidence such as the Sale and Purchase Agreements (SPAs) (see Basis Yield, 115 AD3d at 133). "When documentary evidence is submitted by a defendant the standard morphs from whether the plaintiff has stated a cause of action to whether it has one" (id. at 134 [internal quotation marks omitted]).
Nor do the parties have to wait until the summary judgment stage for a court to interpret a contract as courts routinely interpret contracts on CPLR 3211(a)(7) motions (see 805 Third Ave. Co. v M.W. Realty Assoc., 58 NY2d 447, 451 [1983]; Condor Capital Corp. v CALS Invs., LLC, 179 AD3d 592, 592 [1st Dept 2020]; Taussig v Clipper Group, L.P., 13 AD3d 166, 166-167 [1st Dept 2004], lv denied 4 NY3d 707 [2005]).
The parties' experts' disagreement about foreign law also does not require denial of defendants' motion to dismiss. "The construction of foreign law is a legal question appropriate for summary resolution and can be based, inter alia, on expert affidavits interpreting the relevant legal provisions" (Gusinsky v Genger, 74 AD3d 539, 540 [1st Dept 2010]). "[I]t is not the credibility of the experts that is at issue, it is the persuasive force of the opinions they expressed" (Itar-Tass Russian News Agency v Russian Kurier, Inc., 153 F3d 82, 92 [2d Cir 1998]).
The operative documents are the SPAs, which govern plaintiff's purchase of SMMH and SGF's loan to nonparty Sierra Gorda S.C.M., the owner of a copper mine in Chile, and plaintiff's purchase of defendants' interest in SMMH and SGF. The relevant section of the SPAs is 6.11(e), which addresses the allocation of tax liabilities after closing for profits actualized from mining operations. Specifically, section 6.11(e) of each SPA states, "Pre-Closing Taxes shall not include any Taxes resulting from or in connection with . . . the recognition of any accrued interest not yet recognized as taxable income on the Shareholder Loans," i.e., the loans that SMMH and SGF — both of which are Dutch entities — extended to Sierra Gorda. The parties' experts [*2]have diverging opinions as to what falls under the category of "Pre-Closing Taxes" and therefore remains the responsibility of defendants.
Defendant Sumitomo Metal Mining Co., Ltd.'s motion to dismiss was properly denied to the extent the amount plaintiff seeks is based on the re-recognition of interest that SMMH accrued in 2012 and 2013, and defendant Sumitomo Corporation's motion to dismiss was properly denied to the extent the amount plaintiff seeks is based on the re-recognition of interest that SGF accrued in 2015. Defendant SMMH did not take any impairment for the interest that it should have received from Sierra Gorda in 2012 and 2013. Similarly, defendant SGF did not take any impairment for the interest it should have received from Sierra Gorda in 2015. Plaintiff's expert opined that the 2012, 2013 and 2015 amounts were recognized for Dutch tax purposes in those years and that the subsequent impairment of those amounts did not affect their recognition as income in the earlier years. Thus, for those years, SMMH's and SGF's "accrued interest" (section 6.11[e]) was "recognized as taxable income" and falls within Pre-Closing Taxes for which defendants retained responsibility (id.).
Defendants' expert did not dispute this. On the contrary, he said, "Dutch tax law provides only one relevant standard for determining if interest was recognized for corporate income tax purposes: whether the accrued interest increased the taxable profit of the taxpayer." In 2012 and 2013, the accrued interest increased SMMH's taxable profit, and in 2015, it increased SGF's. Therefore, defendants' evidence did not "establish[] that . . . plaintiff has no cause of action" (Basis Yield, 115 AD3d at 135).
However, defendants' motion to dismiss should have been granted to the extent plaintiff is seeking to recover taxes from interest that was impaired in the year in which it accrued. The interest was not recognized as taxable income until after the closing of the SPAs, when plaintiff reversed the impairments and recognized the accrued interest as taxable income. Defendants' expert opined that interest that was impaired in the year in which it accrued was not "recognized as taxable income" (section 6.11[e]) until the impairment was reversed, which occurred after the closing. Plaintiff's expert opined that it was recognized in the year in which the interest accrued, although he incorrectly lumped "recognized/realized/recorded/taken into account" together and then used "recognized" for all of the above. This Court agrees with defendants' expert's opinion as to when the interest was recognized. The SPAs are governed by New York law. According to Black's Law Dictionary 1525 (11th ed 2019), "recognition" means "[t]he act or an instance of accounting for a taxpayer's realized gain or loss for the purpose of income-tax reporting." Hence, "recognition" must differ from "realization." As stated by defendants' expert, "'[r]ealization' is a specific concept under Dutch tax law .[*3]. . . The term 'recognition' is not a specific concept under Dutch tax law." Thus, the interest was not realized until the impairment was reversed.
For the same reason, we reject plaintiff's unsupported argument that interest must be recognized as of the balance sheet date of the tax year in which the reversals are taken, December 31, 2021, which would result in the interest being recognized before closing. Rather, as previously stated, we find that the interest could not have been recognized until plaintiff reversed the impairment of the accrued interest, which occurred after the closing of the transaction in February 2022.
Defendants' motion to dismiss should also have been granted to the extent plaintiff is seeking to recover taxes from interest accrued in 2021, the year that the SPA was signed, as that interest was not recognized until after the signing and closing of the SPAs. Plaintiff did not prepare and file SMMH and SGF's 2021 tax returns until June 2022. The interest that SMMH and SGF accrued on the Sierra Gorda loans in 2021 had "not yet [been] recognized as taxable income" (section 6.11[e]) on either the date that the SPAs were signed in 2021 or the Closing Date (February 22, 2022). Therefore, taxes relating to such interest are not Pre-Closing Taxes and defendants' motion to dismiss should have been granted with respect to taxes on that interest.
Finally, defendants contend that their failure to provide plaintiff with draft tax returns at least 20 business days before the returns had to be filed caused no damage. This argument is unavailing. If one gives the complaint "a liberal construction" (Consolidated Rest. Operations, Inc. v Westport Ins. Corp., 41 NY3d 415, 425 [2024] [internal quotation marks omitted]) and "provide[s] plaintiff the benefit of every possible inference" (id. [internal quotation marks omitted]), as one must on a motion to dismiss, one could conclude that, if defendants had given plaintiff draft tax returns 20 business days before June 30, 2022, plaintiff could have paid the tax liability by the deadline and therefore avoided interest and penalties.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025